STOWERS, APPELLANT, *v.* BARON ET AL., APPELLEES.

[Cite as Stowers v. Baron (1979), 65 Ohio App. 2d 283.]

(No. L-78-311—Decided August 24, 1979.)

*Mr. James L. Schuller,* for appellant.
*Mr. Milton McCreery,* for appellees.

POTTER, P. J. Plaintiff-appellant, Clarence G. Stowers, and defendants-appellees, Eugene A. Baron and Veronica J. Baron, entered into a land contract for the purchase and sale of certain real property located at 915 Yates Street in Toledo, Ohio and owned by defendants. Plaintiff made an arrangement with defendants to have the rental payments from said real estate paid directly to defendants, which sums were to be applied to the balance due on the purchase contract. Plaintiff, believing that sufficient funds had been paid to entitle him to a

deed, requested a deed; defendants refused to issue a deed, the defendants alleging that full payment had not been received.

Thereafter, in case No. 76-1890, in the Court of Common Pleas of Lucas County, plaintiff filed a suit against the defendants for specific performance of the land contract. Plaintiff also prayed that, in the event the defendants were not able to convey said property to plaintiff, plaintiff was to be awarded judgment in the sum of $18,000. Trial was subsequently held in July 1977. The trial court filed a memorandum opinion and judgment entry of dismissal; plaintiff did not appeal that judgment. The pertinent part of the judgment entry of dismissal is as follows:

"Without commenting on the additional proof that would have been required, the plaintiff, having failed to prove that he is entitled to a Deed, is precluded from his prayer for alternative relief for the value of the property.

"The defendants in their answer alleged a default in the contract, and that possession was taken by them. Inasmuch as the defendants offered no evidence, there is no proof of any default, and it would appear to this Court, in view of the provisions of Sections 5313.01 to 5313.10 inclusive, Ohio Revised Code, *the contract still remains in force.*

"The evidence having failed to show that plaintiff is presently entitled to a Deed, this cause is dismissed, at plaintiff's costs." (Emphasis added.)

In August of 1978, plaintiff filed a second suit, which is the subject of this appeal, in the Court of Common Pleas of Lucas County. Plaintiff alleges that without his knowledge or consent the defendants wrongfully resold the land contract property to a third party who was a bona fide purchaser and, therefore, plaintiff has been deprived of his statutory right to foreclosure and sale under R. C. 5313.07; he then prays for damages. Defendants filed a motion to dismiss, claiming that the present action was barred by the prior action in the same court. The trial court granted defendants' motion and dismissed plaintiff's case. This appeal is from that order of dismissal.

Plaintiff's assignments of error are as follows:

"1. The Trial Court erred in granting Defendants' motion to dismiss the Complaint and in ordering Plaintiff's case dismissed.

"2. The Trial Court improperly applied the doctrine of *res judicata* in holding that the instant action was barred by prior actions in the same Court.

"3. The Trial Court improperly applied the doctrine of collateral estoppel in holding that proof of facts in a prior action constituted a bar to prevent Plaintiff from pleading and proving facts necessary to maintain the present action."

Although there are three assignments of error, in essence, the issue is whether the second action is barred by the doctrine of election of remedies. The defendants rely upon the case of *Frederickson* v. *Nye* (1924), 110 Ohio St. 459, and texts authority, see 18A Ohio Jurisprudence 2d 634, Election of Remedies, Section 3. For the reasons hereinafter stated and to the extent thereof, we find plaintiff's assignments of error well taken.

The second paragraph of the syllabus in *Frederickson, supra,* reads as follows:

"2. In order that an election of one remedial right shall be a bar to the pursuit of another, the same must be inconsistent and the election made with knowledge and intention and purpose to elect. The mere bringing of a suit is not determinative of the right, but the party making the election must have received some benefit under the same, or have caused detriment to the other party, or pursued his remedy to final judgment."

While the law of election of remedies has not been consistent, generally, it is held that a litigant is bound by his choice if he proceeds to judgment. The doctrine of election of remedies has been criticized as a harsh and technical rule of procedure that should be strictly construed prior to the entry of final judgment. Cf. *Singer* v. *Scholz Homes* (1973), 36 Ohio App. 2d 125. In order to apply the doctrine of election of remedies prior to the entry of final judgment, the party making the election must have received some benefit under the doctrine or have caused detriment to the other party.

With this principle in mind, we look to the judgment rendered in case No. 76-1890, the first suit. The trial judge specifically found that "***the contract still remains in force." The trial court, in effect, determined no rights of the parties flowing from the contract, but merely maintained the status quo. The contract between the parties remained in ex-

istence. The position of the parties, in effect, had not been altered. Therefore, there has been no final and conclusive choice of remedies which would preclude a subsequent resort to a court of law.

The judgment of the Court of Common Pleas of Lucas County is reversed, and this cause is remanded to that court for further proceedings.

*Judgment reversed*
*and cause remanded.*

BROWN and WILEY, JJ., concur.

WILEY, J., of the Sixth Appellate District, retired, was assigned to active duty under authority of Section 6(C), Article IV, Constitution.