**Elaine J. EMSER, Plaintiff,**

v.

**CURTIS INDUSTRIES, INC., Defendant.**

**No. 1:90CV1062.**

United States District Court,
N.D. Ohio, E.D.

March 28, 1991.

Reconsideration Denied Aug. 2, 1991.

James A. Marx and Ellen Simon Sacks, Spangenber, Shibley, Traci & Lancione, Cleveland, Ohio, for plaintiff.

Andrew C. Meyer and David Aaron Posner, Duvin, Cahn & Barnard, Cleveland, Ohio, for defendant.

## MEMORANDUM AND ORDER

ANN ALDRICH, District Judge.

Plaintiff, Elaine J. Emser, was employed as an offset press operator by Curtis Industries until her discharge in January 1989. Emser alleges that she was told that her position was eliminated but younger persons were hired to perform her job. She also alleges that shortly after her discharge, Curtis advertised for help. She applied and was not hired but a younger person was. Emser seeks recovery from

Curtis based on four causes of action: (1) violations of the Age Discrimination in Employment Act, 29 U.S.C. § 623, (2) violation of Ohio Revised Code § 4112.02(A) prohibiting age discrimination, (3) breach of contract, and (4) a tort action for wrongful discharge in violation of Ohio public policy.

Curtis has filed a motion to dismiss Counts Two and Four which Emser opposes. For the reasons stated, the Court finds the motion well taken and grants the motion to dismiss.

### I.

 In reviewing the dismissal of a complaint under Federal Rule of Civil Procedure 12(b)(6), the Court must construe the complaint liberally in plaintiff's favor and accept as true all factual allegations and permissible inferences therein. *Windsor v. The Tennessean*, 719 F.2d 155, 158 (6th Cir.1983), *cert. denied*, 469 U.S. 826, 105 S.Ct. 105, 83 L.Ed.2d 50 (1984); *Westlake v. Lucas*, 537 F.2d 857, 858 (6th Cir. 1976). The complaint is only to be dismissed if the plaintiff could prove no set of facts in support of her claim which entitles her to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). The Court need not accept as true a legal conclusion couched as a factual allegation. *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 2944–45, 92 L.Ed.2d 209 (1986).

### II.

The only issue presented by Count Two is whether O.R.C. § 4112.99 creates a private cause of action. Emser originally filed a charge of age discrimination before the Ohio Civil Rights Commission ("OCRC") in July 1989 prior to her filing this action. The OCRC made a determination that there was probable cause to believe Curtis had violated the state law. Emser then withdrew her charge and filed this lawsuit. Emser concedes that "[d]efendant is correct in asserting that by filing a charge with the Ohio Civil Rights

Commission, a person is barred from filing a civil suit pursuant to *O.R.C. § 4101.17* or *O.R.C. § 4112.02(N)."* (Emser's Brief in Opposition at p. 1). However, she asserts that she is entitled to bring a state law claim for age discrimination based on O.R.C. §. 4112.99.

Both O.R.C. § 4101.17 and O.R.C. § 4112.02(N) provide that once a plaintiff has elected to pursue her remedies under one statute, she cannot later choose to pursue remedies under the other statute. Emser has elected to pursue neither of those remedies but seeks to bring suit based on O.C.R. § 4112.99 which provides:

> Whoever violates this chapter is subject to a civil action for damages, injunctive relief, or any other appropriate relief.

Two Ohio courts have had the opportunity to address whether § 4112.99 creates a private cause of action. In *Elek v. Huntington National Bank* (August 25, 1989) Franklin County Appeal No. 88AP–1183, 1989 WL 98437 [1], the court determined that the section was not ambiguous and did create a private cause of action.

However, in *Kern v. Spangenberg, Shibley, Traci & Lancione* [2], (March 15, 1990) Cuyahoga Court of Common Pleas, the court rejected the reasoning of *Elek* and held that no private cause of action was created. This Court finds the reasoning in *Kern* more persuasive. The section does not indicate who is authorized to seek the penalties outlined and is thus ambiguous. More significantly, to hold that it creates a private cause of action, would allow plaintiffs to circumvent a carefully detailed legislative scheme for bringing age discrimination lawsuits. The Court finds that Emser should not be allowed to circumvent the statutory scheme and that no private cause of action is created by § 4112.99.

Accordingly, the Court grants the motion to dismiss Count Two.

### III.

Emser, in Count Four, alleges that "[t]he conduct of the Defendant was in violation

---

**1.** The case is currently on appeal before the Ohio Supreme Court No. 89–1812.

**2.** The defendant, *Spangenberg, Shibley,* is the law firm which represents Emser in this proceeding.

of the laws of the State of Ohio and in violation of public policy for which tortious conduct Defendant is liable." Complaint ¶ 18. In support of this theory of recovery, Emser relies on two different Ohio cases.

First, Emser relies on *Helmick v. Cincinnati Word Processing*, 45 Ohio St.3d 131, 543 N.E.2d 1212 (1989) which held that a woman who was the victim of sexual harassment, including criminal sexual imposition, in the work place could pursue her common law tort remedy and was not required to confine her suit to R.C. Chapter 4112. The court stated that *"an existing common-law remedy* may not be extinguished by a statute except by direct enactment or necessary implication." *Id.* at 135, 543 N.E.2d 1212. Thus, *Helmick* is only helpful to Emser if prior to the enactment of Chapter 4112, she possessed a common law remedy for discharge and failure to hire based on age. The short answer is that in Ohio, Emser possessed no such common-law tort remedy and *Helmick* does not open the door to her bringing such a claim.

Emser also relies on the case of *Greeley v. Miami Valley Maintenance*, 49 Ohio St.3d 228, 551 N.E.2d 981 (1990). Greeley's at-will employment was terminated by his employer solely because of a court ordered child support wage assignment of the employee's wages. Ohio Revised Code § 3113.213 makes it unlawful for an employer to discharge an employee because of a wage assignment. However, the statute has no provision for a suit by the discharged employee. The court held that the discharged employee could bring a tort action for wrongful discharge based on the violation of the statute.

This Court is not persuaded that *Greeley* provides Emser with an additional theory of recovery. Emser, like Greeley, was allegedly discharged in violation of a statute. However, unlike Greeley, the statute which Emser was discharged under already sets forth a scheme for vindication, either through a lawsuit or through administrative proceedings, of the employee's rights. There is no need in this situation, as there was in *Greeley*, to carve an exception to the employment-at-will doctrine and permit a tort action. The legislature has already carved the exception and provided a method for recovery.

Accordingly, the Court grants the motion to dismiss Count Four of the complaint for failure to state a claim.

In conclusion, the Court grants the motion to dismiss Counts Two and Four. The case will proceed to trial on April 22, 1991 as previously set.

IT IS SO ORDERED.

## ON MOTION FOR RECONSIDERATION

Emser has moved for reconsideration of the Court's decision to dismiss her second cause of action, entered on March 28, 1991. Emser's motion is based on an intervening, recently decided Ohio Supreme Court case, *Elek v. Huntington National Bank*, 60 Ohio St.3d 135, 573 N.E.2d 1056 (1991). In *Elek*, the Supreme Court held that O.R.C. § 4112.99 creates a private cause of action for alleged victims of discrimination in an original action. Section 4112.99, however, does not nullify the effect of § 4112.08 which operates to bar suits by plaintiffs who have previously filed a claim with the Ohio Civil Rights Commission. *See Pozzobon v. Parts for Plastic, Inc.*, 770 F.Supp. 376 (N.D.Ohio 1991), (Bell, J.), an opinion which this Court finds persuasive. Accordingly, Emser's motion for reconsideration is denied.

IT IS SO ORDERED.