GIAMBRONE, Appellant,

v.

SPALDING AND EVENFLO COMPANY, INC., Appellee.

[Cite as *Giambrone v. Spalding & Evenflo Co.* (1992), 79 Ohio App.3d 308.]

Court of Appeals of Ohio,
Miami County.

No. 91–CA–7.

Decided April 22, 1992.

*Patrick K. Dunphy* and *Gregory S. Spears,* for appellant.

*Timothy D. Wood* and *Antoinette M. Frantz,* for appellee.

BROGAN, Judge.

Harry J. Giambrone appeals from the judgment of the Miami County Court of Common Pleas dismissing his complaint of age discrimination.

Giambrone advances two assignments of error: (1) that the trial court erred to his prejudice in dismissing his causes of action pursuant to R.C. 4101.17 and 4112.02(N), and (2) that the trial court erred to his prejudice in dismissing his cause of action pursuant to R.C. 4112.99.

The facts of the case are as follows. Giambrone was approximately fifty-eight years old when he began his employment with the appellee, Spalding and Evenflo Company, Inc. ("Spalding") in 1983 as an industrial designer. On or about April 27, 1990, when Giambrone was sixty-five years old, he was terminated, allegedly because of his age and without just cause.

On October 23, 1990, Giambrone filed a complaint alleging age discrimination, which set forth causes of action under R.C. 4101.17, 4112.02(N) and 4112.99. Spalding responded with a motion to dismiss on November 15, 1990, which the court sustained on January 24, 1991; an amended order was filed January 28, 1991. Giambrone filed a notice of appeal on February 19, 1991.

In his first assignment of error, Giambrone asserts that the trial court erred in dismissing his causes of action, because a plaintiff seeking a remedy for age discrimination does not forfeit his remedies by filing under both R.C. 4101.17 and 4112.02(N) simultaneously.

The lower court did not state its reasons for dismissing the case; however, from the motion upon which the order was based, we can discern that the court did so on the basis that (1) a simultaneous filing of R.C. 4101.17 and 4112.02(N) in a single pleading results in each one barring the other, or (2) Giambrone's failure to elect between those two causes of action required the court to dismiss the case.

R.C. 4101.17 stated in pertinent part that:

"(A) No employer shall * * * discharge without just cause any employee between the ages of forty and seventy who is physically able to perform the duties * * * of the job * * *.

"(B) Any person between the ages of forty and seventy * * * discharged without just cause by an employer in violation of division (A) of this section may institute a civil action against the employer in a court of competent jurisdiction. * * * The remedies available under this section are coexistent with remedies available pursuant to sections 4112.01 to 4112.11 of the Revised Code; except that any person instituting a civil action under this section is

*  *  * *thereby barred from instituting a civil action under division (N) of section 4112.02 of the Revised Code* *  *  *.*" (Emphasis added.)

R.C. 4112.02(N) provides that:

"An aggrieved individual may enforce his rights relative to discrimination on the basis of age *  *  * by instituting a civil action, within one hundred eighty days after the alleged unlawful practice occurred, in any court of competent jurisdiction for any legal or equitable relief that will effectuate his rights. *A person who files a civil action under this division is* *  *  * *thereby barred from instituting a civil action under section 4101.17* *  *  *.*" (Emphasis added.)

■ Each section provides that it is exclusive and that once an action is instituted thereunder a plaintiff is barred from bringing an action under the other section. Therefore, Ohio's statutory scheme requires an election of remedies. *Morris v. Kaiser Engineers, Inc.* (1984), 14 Ohio St.3d 45, 46, 14 OBR 440, 405, 471 N.E.2d 471, 473.

Civ.R. 8(E)(2) sets forth rules for instituting multiple claims or defenses, and states that:

"A party may set forth two or more statements of a claim or defense alternatively or hypothetically, either in one count or defense or in separate counts or defenses. *  *  * A party may also state as many separate claims or defenses as he has regardless of consistency and whether based on legal or equitable grounds. *  *  *"

Traditionally, the doctrine of election has been utilized to prevent double recovery and to preclude a litigant from pursuing a remedy which he had rejected in a previous action in favor of an alternative and inconsistent remedy. *Davis v. Rockwell Internatl. Corp.* (N.D.Ohio 1984), 596 F.Supp. 780, 787. The doctrine also functions to prevent needless experimentation with the remedies afforded by law. *Id.*

Ohio does not favor this doctrine, finding it to be a harsh and technical rule of procedure. Therefore, courts have been reluctant to extend this doctrine in the absence of an express legislative declaration to the contrary. *Id.*

"In order that an election of one remedial right shall be a bar to the pursuit of another, the same must be inconsistent and the election made with knowledge and intention and purpose to elect. The mere bringing of a suit is not determinative of the right, *but the party making the election must have received some benefit under the same, or have caused detriment to the other party, or pursued his remedy to final judgment.*" (Emphasis added.) *Stowers v. Baron* (1979), 65 Ohio App.2d 283, 285, 19 O.O.3d 281, 282, 418 N.E.2d 404, 406.

Thus, it follows that R.C. 4112.02(N) and 4101.17 are inconsistent in that the filing under one provision precludes filing under the other. Simply stated, a party alleging age discrimination must elect between these two remedies.

The Supreme Court of Ohio addressed this issue in *Ohio Civil Rights Comm. v. Lysyj* (1974), 38 Ohio St.2d 217, 220, 67 O.O.2d 287, 289, 313 N.E.2d 3, 6, where it stated that R.C. Chapter 4112 is a remedial Act. As such, the court noted, it must be construed liberally in order to effectuate its legislative purpose and fundamental policy implicit in its enactment, and to assure that the rights granted by the statute are not defeated by overly restrictive interpretations. *Id.*

■ While the evidence is clear that R.C. 4112.02(N) and 4101.17 are inconsistent, the dismissal of Giambrone's *entire* claim because he filed under both provisions simultaneously is neither in line with the Supreme Court's statement that R.C. Chapter 4112 is a remedial Act to be construed liberally, nor with the legislative purpose of the statute, *i.e.*, to compensate victims of age discrimination. Therefore, we find that the lower court's dismissal of Giambrone's age discrimination claim was an abuse of discretion and an overly restrictive interpretation of the statutes. Accordingly, Giambrone's first assignment of error is sustained.

In his second assignment of error, Giambrone contends that the trial court erred to his prejudice in dismissing his cause of action pursuant to R.C. 4112.99, which provides that:

"Whoever violates this chapter is subject to a civil action for damages, injunctive relief, or any other appropriate relief."

Giambrone contends that because this section creates a separate cause of action, an individual is not required to elect between R.C. 4112.99 and another provision addressing age discrimination.

In support of this argument, Giambrone cites the recent Ohio Supreme Court case of *Elek v. Huntington Natl. Bank* (1991), 60 Ohio St.3d 135, 573 N.E.2d 1056, in which the plaintiff alleged handicap discrimination in violation of R.C. 4112.02(A), 4112.02(J) and 4112.99. The trial court dismissed the case, finding that the plaintiff had failed to exhaust his administrative remedies pursuant to R.C. 4112.06(A). The court of appeals reversed, and the employer appealed.

The Supreme Court held that a civil action could be brought under R.C. 4112.99 to remedy any violation of R.C. Chapter 4112, and noted that:

"Had the General Assembly meant to limit the availability of the civil action remedy to those instances in R.C. Chapter 4112 where it was already provided, it would have identified the sections to which R.C. 4112.99 applied * * *.

*Instead its language applies to any form of discrimination addressed by R.C. Chapter 4112.*

"If this intent were not clear enough from the language employed in R.C. 4112.99, resort to R.C. 1.23(A) removes all doubt." (Emphasis added.) *Elek, supra,* at 136–137, 573 N.E.2d at 1057–1059.

R.C. 1.23(A) provides that:

"Wherever in a penalty section reference is made to a violation of a series of sections, or of divisions or subdivisions of a section, such reference shall be construed to mean a violation of any section, division, or subdivision included in such reference."

The court further found that where a civil remedy is available under multiple divisions of R.C. Chapter 4112, the conflict could be resolved by the application of statutory rules of construction such as R.C. 1.51, which states that:

"If a general provision conflicts with a special * * * provision, they shall be construed, if possible, so that effect is given to both. If the conflict between the provisions is irreconcilable, the special * * * provision prevails as an exception to the general provision, unless the general provision is the later adoption and the manifest intent is that the general provision prevail."

While no other section of R.C. Chapter 4112 provides a civil remedy for a victim of *handicap* discrimination, several sections do so in the case of age discrimination. Therefore, election of remedies is possible and proper in age discrimination cases. Furthermore, R.C. 4112.02(N) specifically provides a remedy for victims of age discrimination and is by definition a special provision under the rules of statutory construction.

Therefore, pursuant to *Elek* and R.C. 1.51, we find that the special provision of R.C. 4112.02(N) prevails over the general relief afforded by R.C. 4112.99, and Giambrone must elect between the two remedies. See *West v. Iten Industries, Inc.* (Jan. 7, 1991), N.D.Ohio No. 4:90CV1130, unreported.

The appellant's second assignment of error is overruled as this matter is reversed and remanded for further proceedings consistent with our disposition of the issues in the appellant's first assignment of error.

*Judgment reversed and cause remanded.*

Wilson and Grady, JJ., concur.