**Samuel B. NAPIER, Plaintiff,**

v.

**VGC CORPORATION, Defendant.**

**No. C–1–92–0059.**

United States District Court,
S.D. Ohio.

May 22, 1992.

Mark Byrne, Cincinnati, Ohio, for plaintiff.

Frank Stewart, Cincinnati, Ohio, for defendant.

### ORDER

CARL B. RUBIN, District Judge.

This matter is before the Court upon the Defendant's (VGC's) Motion for Summary Judgment on Plaintiff's Second Cause of Action and Motion to Dismiss or for Summary Judgment on Plaintiff's Third Cause of Action, as amended (document 6). The Court also considers herein the Plaintiff's (Napier's) response to the Court's show cause order (document 10).

### Factual and Procedural Background

Napier, as a 56 year old employee of VGC, was discharged from his position as a customer service representative on April 26, 1991. Napier filed this action on January 24, 1992. Napier's second cause of action alleges an age discrimination violation of Ohio Revised Code § 4112.02(A) brought pursuant to § 4112.99. The third cause of action alleges a wrongful discharge in violation of Ohio public policy.

### Motions for Summary Judgment and to Dismiss for Failure to State a Claim

Federal Rule of Civil Procedure 56(c) permits the Court to grant summary judgment as a matter of law only after the moving party demonstrates on the basis of its motion, the pleadings, depositions, answers to interrogatories, admissions on file, or any affidavits, the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A party opposing a properly supported motion for summary judgment "may not rest upon mere allegations or denials of his pleading, but ... must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986) *quoting, First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968). The evidence of the nonmovant is to be believed and all justifi-

able inferences are to be drawn in his favor. *Anderson, supra* at 255, 106 S.Ct. at 2513 *citing, Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 158, 90 S.Ct. 1598, 1609, 26 L.Ed.2d 142 (1970). The function of the Court is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial. *Anderson, supra* at 249, 106 S.Ct. at 2510. There is no genuine issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. *Anderson* at 249, 106 S.Ct. at 2510 *citing Cities Service,* 391 U.S. at 288–289, 88 S.Ct. at 1592–93. If the evidence is merely colorable, *Dombrowski v. Eastland,* 387 U.S. 82, 87 S.Ct. 1425, 18 L.Ed.2d 577 (1967) or is not significantly probative, *Cities Service, supra* at 290, 88 S.Ct. at 1593, summary judgment may be granted. *Anderson, supra* at 249–50, 106 S.Ct. at 2510–11

### The Second Cause of Action

The Ohio Revised Code provides, in pertinent part, that

It shall be an unlawful discriminatory practice:

(A) For any employer, because of the race, color, religion, sex, national origin, handicap, age, or ancestry of any person, to discharge without just cause....

Ohio Rev.Code Ann. § 4112.02(A) (Anderson 1991 & Supp.). Moreover, the Code states:

### § 4112.99  Penalty

Whoever violates this chapter is subject to a civil action for damages, injunctive relief, or any other appropriate relief.

Ohio Rev.Code Ann. § 4112.99 (Anderson 1991 & Supp.).

VGC contends that the second cause of action brought under § 4112.99 is time barred. VGC argues that the 180 day limitation period of § 4112.02(N)[1] should apply to § 4112.99.

In *Elek v. Huntington Nat'l Bank,* 60 Ohio St.3d 135, 136, 573 N.E.2d 1056 (1991),

the Ohio Supreme Court holds that under § 4112.99 an aggrieved party may institute a private civil action "to remedy any form of discrimination identified in R.C. Chapter 4112." The Court left no doubt that under Revised Code § 1.23(A), § 4112.99 is a penalty section. *Elek,* 60 Ohio St.3d at 137, 573 N.E.2d 1056; *See also, Cosgrove v. Williamsburg of Cincinnati Management Co.,* No. A9010201, slip op. at 4 (Hamilton Cty. C.P. July 22, 1991). A statute of limitations of one year applies to actions proceeding under a penalty section. Ohio Rev.Code Ann. § 2305.11(A) (Anderson 1991 & Supp.).

There is a redundancy between § 4112.-02(N) and § 4112.99 in that both confer upon an alleged victim of age discrimination the right to pursue a civil action. Addressing this situation, the Court in *Elek* states that "[i]n those instances where such alleged conflict may be presented, existing rules of statutory construction are available to address them (see, *e.g.,* R.C. 1.51 [special provision normally prevails over general provision]; R.C. 1.52[A] [later enacted statute prevails over earlier one])." *Elek,* 60 Ohio St.3d at 137, 573 N.E.2d 1056. If the conflict between provisions is irreconcilable and the general provision is the later enacted one then the general provision will prevail only if that is the manifest intent. Revised Code § 1.51.

Revised Code § 4112.02(N) "specifically provides a remedy for victims of age discrimination and is by definition a special provision under the rules of statutory construction." Therefore, pursuant to *Elek* and Revised Code § 1.51 the "special provision of R.C. § 4112.02(N) prevails over the general relief afforded by R.C. § 4112.99." *Giambrone v. Spalding & Evenflo Co.,* No. 91–CA–7, 1992 Wl 80790 *3 1992 Ohio App. LEXIS 2070 at *5 (Ohio Ct.App. Apr. 22, 1992). A 180 day statute of limitations applies to Napier's § 4112.99 cause of action.

---

**1.** Section 4112.02(N) provides, in pertinent part, that

An aggrieved individual may enforce his rights relative to discrimination on the basis of age as provided for in this section by insti-

tuting a civil action, within one hundred eighty days after the alleged unlawful practice occurred, in any court of competent jurisdiction for any legal or equitable relief that will effectuate his rights.

There is no genuine issue between the parties concerning the material fact that more than 180 days had elapsed between Napier's discharge date and the date this action was filed. *Complaint,* No. C–1–92–059 at 1, document 1. VGC's Motion for Summary Judgment is hereby granted.

### Third Cause of Action

VGC contends that Ohio does not recognize a cause of action for wrongful discharge in violation of public policy and that even if it did Napier cannot prove that VGC violated that public policy. In response, Napier relies on *Greeley v. Miami Valley Maintenance Contractors, Inc.,* 49 Ohio St.3d 228, 234, 551 N.E.2d 981 (1990), for the proposition that Ohio law recognizes such a cause of action "when an employee is discharged or disciplined for a reason which is prohibited by statute." (At will employee discharged because of court-ordered child support wage deduction, a violation of Revised Code § 3113.213(D)).

■ This identical issue was addressed in *Pozzobon v. Parts for Plastics, Inc.,* 770 F.Supp. 376 (N.D.Ohio 1991), and *Emser v. Curtis Industries, Inc.,* 774 F.Supp. 1076 (N.D.Ohio 1991), opinions which this Court finds persuasive. *Pozzobon* and *Emser* hold that there is no need to carve out an exception to the employment-at-will doctrine to recognize a cause of action in this situation because, unlike the statute in *Greeley,* the legislature has already carved the exception by enacting Revised Code §§ 4112.99, 4112.02(N), 4112.05 and 4101.-17(B). *Pozzobon* and *Emser* are supported by *Helmick v. Cincinnati Word Processing, Inc.,* 45 Ohio St.3d 131, 134, 543 N.E.2d 1212 (1989), where the Ohio Supreme Court "holds that allowing a plaintiff to pursue common-law remedies *in lieu* of the relief provided under R.C. Chapter 4112 creates no conflict and serves to supplement the limited protection and coverage of the chapter." (emphasis added). Ohio law does not recognize a cause of action for wrongful discharge on the basis of a violation of public policy.

There is no genuine issue of material fact between the parties that Napier's Third Cause of Action alleges a wrongful discharge in violation of Ohio public policy. VGC's Motion for Summary Judgment is hereby granted.

### Napier's Response to This Court's Show Cause Order

In accordance with the foregoing this Court's order to show cause why Napier should not elect between a federal cause of action and a state cause of action is hereby dismissed as moot.

### CONCLUSION

There is no genuine issue of material fact that Napier filed this action more than 180 days after his discharge or that Napier's Third Cause of Action alleges a wrongful discharge based upon a violation of Ohio public policy. A 180 day statute of limitations applies to a § 4112.99 action based upon age discrimination. A cause of action for wrongful discharge in violation of public policy is not recognized under Ohio law. Accordingly, as a matter of law VGC's Motions for Summary Judgment as to Napier's Second and Third Causes of Action are hereby GRANTED. Additionally, in accordance with the disposition of VGC's summary judgment motions this Court's show cause order is hereby DISMISSED as moot.

IT IS SO ORDERED.