LEWIS, Appellant,

v.

COTTON CLUB BOTTLING COMPANY, Appellee.

[Cite as *Lewis v. Cotton Club Bottling Co.* (1993), 87 Ohio App.3d 63.]

Court of Appeals of Ohio,
Summit County.

No. 15830.

Decided April 7, 1993.

*William R. Holland, Dennis R. Thompson* and *John O. McIntyre, Sr.,* for appellant.

*Andrew C. Meyer* and *Barton A. Bixenstine,* for appellee.

REECE, Judge.

Plaintiff-appellant, Leroy Lewis, appeals the trial court's granting of the motion of defendant-appellee, Cotton Club Bottling Company ("Cotton Club"), for summary judgment. We affirm.

On October 22, 1987, Lewis was discharged from his employment with Cotton Club. On October 20, 1988, Lewis filed a complaint alleging that racial discrimination occurred when he was discharged. This suit was brought pursuant to the Federal Civil Rights Act, Section 1981, Title 42, U.S. Code, in the Summit County Court of Common Pleas. The action was removed to federal court. That court dismissed Lewis's claim for failure to state a claim upon which relief could be granted. *Lewis v. Cotton Club Bottling Co.* (Jan. 17, 1990), N.D.Ohio No. C88–4375, unreported.

Lewis filed a second complaint, based on his termination, in the Summit County Common Pleas Court. That complaint alleged his discharge was the result of racial discrimination and retaliation for his union activities. Cotton Club initially moved to dismiss, which motion was converted to a motion for summary judgment. The trial court granted this motion, ruling that Lewis's claims were barred by *res judicata* and the applicable statute of limitations. Lewis appeals, raising two assignments of error.

Assignment of Error II

"The trial court erred, in dismissing this action for wrongful discriminatory discharge from employment because of race, by applying the 180 day time limit under Section 4112.05(B) of the OCRA for filing an optional administrative charge of discrimination, rather than the applicable six-year statute of limitations of Ohio Revised Code Section 2305.17."

■ The trial court applied a six-month statute of limitations to Lewis's claim. It apparently found that the six-month statute of limitations of R.C. 4112.05(B) controlled all actions brought pursuant to R.C. Chapter 4112. Lewis argues that a different statute of limitations exists for civil claims brought pursuant to R.C. 4112.99. We agree.

R.C. 4112.05 provides for the procedure to follow on a complaint filed with the Ohio Civil Rights Commission. It allows a person to file a claim of racially discriminatory practices within six months of the alleged discriminatory acts. R.C. 4112.05(B). The Ohio Supreme Court has stated that in addition to this administrative remedy an aggrieved party may bring an independent civil action pursuant to R.C. 4112.99 to seek redress for discrimination under R.C. Chapter 4112. *Elek v. Huntington Natl. Bank* (1991), 60 Ohio St.3d 135, 573 N.E.2d 1056,

paragraph one of the syllabus. In *Elek*, the Supreme Court was silent as to the applicable statute of limitations for a civil action pursuant to R.C. 4112.99.

Cotton Club has urged that this court adopt a six-month statute of limitation for all claims of discrimination bought pursuant to R.C. Chapter 4112 in order to ensure consistency in these claims of discrimination and because the legislature intended six months to be the applicable time limit for all such claims. However, different sections of R.C. Chapter 4112 allow for different time periods to file claims. R.C. 4112.02(N) allows an individual who claims age discrimination to bring a civil action within one hundred eighty days of the discriminatory act. In the case of a charge alleging a discriminatory practice described in 4112.02(H), a one-year statute applies. R.C. 4112.051(A)(1). The legislature would not have provided for different statutes of limitations if it intended all claims pursuant to R.C. Chapter 4112 to be brought within six months. Further, as R.C. 2305.07 and 2305.11 provide general statutes of limitations for claims brought pursuant to any statute, we find that a civil action brought pursuant to R.C. 4112.99 is not controlled by the six-month time limit set by R.C. 4112.05(B).

■ However, we will not reverse a trial court's decision if any grounds can be found to support it. *Joyce v. Gen. Motors Corp.* (1990), 49 Ohio St.3d 93, 96, 551 N.E.2d 172, 174. In this case, Lewis's claims were brought more than four years after he was discharged. Thus, if the statute of limitations for his claims provides for less than four years, those claims are barred.

The Revised Code provides for two statutes of limitations for statutory claims. R.C. 2305.07 provides that statutory claims shall be raised within six years if brought "upon a liability created by statute other than a forfeiture or penalty"; if arising from a forfeiture or penalty statute, R.C. 2305.11(A) allows for one year to file a claim.

In *Elek*, the court, in reviewing R.C. 4112.99, analyzed it as if it were a penalty statute. *Id.*, 60 Ohio St.3d at 137, 573 N.E.2d at 1058. Also, two appellate courts have applied the one-year statute of limitations in R.C. 2305.11(A) to actions brought pursuant to R.C. 4112.99. *Duvall v. Titan Equip. Corp.* (June 25, 1992), Cuyahoga App. No. 62809, unreported, 1992 WL 146861; *Cosgrove v. Williamsburg of Cincinnati Mgt. Co., Inc.* (Oct. 21, 1992), Hamilton App. No. C–910545, unreported, 1992 WL 308346. We agree with these cases and find that the statute of limitations for claims pursuant to R.C. 4112.99 is one year. As both Lewis's claim of racial discrimination and his claim of retaliatory firing were brought pursuant to this statute, Lewis's second assignment of error is without merit.

Assignment of Error I

"The trial court erred, in dismissing this action for wrongful employment discharge because of race discrimination and/or retaliation in violation of OCRA, by ruling the action to be barred by issue or claim preclusion by the dismissal of a prior federal court action between the parties under federal Section 1981, wherein the federal court merely found that Section 1981 did not reach post-employment contract formation conduct and therefore could not confer subject matter jurisdiction over wrongful discharges and where, in any event, the issues involved under federal Section 1981, recently interpreted by the U.S. Supreme Court to apply only to hiring and limited instances of new contracts of promotion, are narrower and markedly different from the issues involved under the broad proscriptions of employment discrimination of the OCRA."

As we have found that the trial court correctly dismissed this claim as filed outside the statute of limitations, this assignment of error is rendered moot.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

QUILLIN, J., concurs.

COOK, J., concurs in judgment only.