**Pamela KESTER, Plaintiff,**

v.

**LAKE AREA RECOVERY CENTER, Defendant.**

No. 4:92 CV 2532.

United States District Court, N.D. Ohio, E.D.

June 18, 1993.

Robert F. Deacon, Law Offices of Robert F. Deacon, Cleveland, OH, for plaintiff.

James David Masur, II, Warren & Young, Michael Franklin, Ashtabula, OH, for defendant.

### ORDER

BATTISTI, District Judge.

Before the Court is Defendant's Motion to Dismiss Count Two of Plaintiff's Complaint for failure to comply with the Statute of Limitations. Plaintiff has responded, Defendant has replied, and both parties have submitted supplemental authorities. For the following reasons, Defendant's motion is denied.

Plaintiff Pamela Kester ("Plaintiff" or "Kester") was employed by Defendant Lake Area Recovery Center ("LARC") from De-

cember 10, 1990 until November 27, 1991, when she was fired. Kester served as an Adolescent Counselor on the premises of the Youth Developmental Center ("YDC"). She filed a complaint with the Ohio Civil Rights Commission on April 16, 1992, and filed the complaint in the instant action on November 25, 1992. Count Two of the Complaint alleges that Defendants conduct caused Plaintiff to be "denied equal treatment and employment opportunities by the Defendants because of *quid pro quo* and/or hostile work environment sexual harassment and retaliation, in violation of Ohio Revised Code Section 4112.99 for which Defendant[ ] LARC ... [is] liable." (Complaint, ¶ 22). Section 4112.99 states in its entirety, "Whoever violates this chapter is subject to a civil action for damages, injunctive relief, or any other appropriate relief."

Defendant contends that a six month statute of limitations applies to actions for sex discrimination pursuant to § 4112.99. Plaintiff maintains that the statute of limitations is one year.

A federal court exercising pendent jurisdiction sits as a court of the forum state and is bound to apply its substantive law. *Haynes v. Marshall*, 887 F.2d 700, 705 (6th Cir.1989). The Ohio Supreme Court has recognized an independent cause of action for discrimination under § 4112.99. *Elek v. Huntington Nat'l Bank*, 60 Ohio St.3d 135, 138, 573 N.E.2d 1056, 1059 (1991) (finding a civil cause of action for handicap discrimination). The Ohio Supreme Court acknowledged that some redundancy may result from overlapping sections prohibiting discrimination, but that any conflicts could be dealt with under the existing rules of statutory construction. *Elek*, 60 Ohio St.3d at 136–37, 573 N.E.2d at 1057.

Although the Ohio Supreme Court has not spoken on the appropriate statute of limitations for a suit brought pursuant to § 4112.-99, a number of other courts have addressed the question. In *West v. Iten Industries, Inc.*, No. 4:90 CV 1130 (N.D.Ohio 1991), this Court was presented with a claim for age discrimination in violation of §§ 4112.02(A), 4112.02(N) and 4112.99. A conflict was presented between § 4112.99 and the more spe-

cific § 4112.02(N). As such, the Court applied Ohio Rule of Construction 1.5, which states that the more specific provision in a statute applies, unless there is manifest intent that a later enacted general provision override the more specific. In *Iten* it was held that § 4112.02(N), expressly requiring that an age discrimination action be filed within 180 days, prevailed over § 4112.99, the penalty provision encompassing all types of discrimination prohibited by chapter 4112. *Id; accord Napier v. VGC Corp.*, 797 F.Supp. 602 (S.D.Ohio 1992). A 180 day statute of limitations was applied.

In a more recent ruling, the State Court of Appeals for the Eighth Appellate District found that there was no conflict between § 4112.99, 4112.02(N) and other age discrimination provisions in the Code. *Duvall v. Titan Equipment Corp.*, No. 62809, 1992 WL 146861 1992 Ohio App. LEXIS 3310 (Eighth App.Dist. June 25, 1992). There being no conflict, there was no need to apply the rules of statutory construction. Since § 4112.99 does not specify the applicable statute of limitations, the court determined that § 4112.99 is a penalty provision and applied § 2305.11(A), which states that "an action upon a statute for a penalty or forfeiture, shall be commenced within one year after the cause of action accrued." Thus, the court found a one year statute of limitations. *See also Lewis v. Cotton Club Bottling Co.*, 87 Ohio App.3d 63, 621 N.E.2d 862 (1993) (agreeing with *Duvall*); *Cosgrove v. Williamsburg of Cincinnati Mgt. Co., Inc.*, No. C–910545, 1992 WL 308346 1992 Ohio App. LEXIS 5349 (First App.Dist. Oct. 21, 1992) (applying § 2305.11(A) to find a one year statute of limitations for claims under § 4112.99).

On the other hand, some courts have taken the view that § 4112.99 is a remedial measure and applied the six year statute of limitations found in § 2305.07. *See e.g. .Grant v. Monsanto Corp.*, 51 Fair Empl.Prac.Cas. (BNA) 1593, 1989 WL 222961 (S.D.Ohio Dec. 6, 1989). Section 2305.07 establishes the statute of limitations for "a liability created by statute other than a forfeiture or penalty." The Ohio Supreme Court has not given clear

228

guidance on whether § 4112.99 should be considered a penalty or remedy.

In the case at hand, Kester's action for sex discrimination is brought only under § 4112.99, which confers upon the alleged victim of sex discrimination the right to bring a civil cause of action. No conflict between statutes is presented. Whether § 4112.99 is viewed as a penalty or remedy, the statute of limitations is no shorter than one year, and at most six years. Because Plaintiff brought her action within one year, it is not time barred. Therefore, Defendant's Motion to Dismiss Count Two is denied.

IT IS SO ORDERED.