89 F.3d 835
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Nick SANTINO, Plaintiff-Appellant,
v.
GREYHOUND BUS LINES, Defendant-Appellee.
 No. 95-4098.
 United States Court of Appeals, Sixth Circuit.
 June 19, 1996.
 
 Before: BROWN, KENNEDY, and WELLFORD, Circuit Judges.
 
 ORDER
 
 1
 Nick Santino, proceeding pro se, appeals a district court judgment dismissing his civil rights complaint filed pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5, and supplemental state law claims under Ohio Rev.Code §§ 4112.02(A) and 4112.99. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary and equitable relief, Santino, a naturalized citizen of Iranian descent, sued Greyhound Bus Lines (Greyhound), alleging that the defendant discriminated against him because of his national origin. The district court granted Greyhound's motion to dismiss Santino's supplemental state law claims. Thereafter, it granted summary judgment in favor of the defendant and dismissed the complaint.
 
 
 3
 On appeal, Santino argues that the district court: 1) erred when it granted summary judgment to the defendant; 2) improperly denied his motion for the appointment of counsel; 3) improperly determined that he could not request a jury trial or compensatory and punitive damages; and 4) improperly dismissed his supplemental state law claims. Santino has attached to his brief a copy of his wife's affidavit in which she avers that the incidents of which Santino complained occurred the way he described them. In addition, Santino moves for in forma pauperis status on appeal.
 
 
 4
 Initially, we note that the affidavit submitted by Santino's wife was not properly executed because portions of the affidavit were not based on her personal knowledge. See Fed.R.Civ.P. 56(e); Wiley v. United States, 20 F.3d 222, 225 (6th Cir.1994) (documents serving as affidavits must be based on personal knowledge and set forth facts as would be admissible in evidence). Moreover, the affidavit may not be considered on appeal because an appellate court must confine its review to the evidence as submitted to the district court. See Landefeld v. Marion Gen. Hosp., 994 F.2d 1178, 1181 (6th Cir.1993).
 
 
 5
 Upon review, we conclude that the district court properly granted summary judgment in favor of Greyhound. See Fed.R.Civ.P. 56(c); Harrow Prods., Inc. v. Liberty Mut. Ins. Co., 64 F.3d 1015, 1019 (6th Cir.1995). Even if we were to conclude that Santino had met his burden of establishing a prima facie case of employment discrimination, Greyhound met its burden of articulating a legitimate, non-discriminatory reason for terminating Santino's employment. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). Santino's supervisor, Yatteau, investigated a situation concerning Santino's inaccurate pay slips and concluded that Santino had intentionally falsified the pay slips. Yatteau confronted Santino with the inaccurate pay slips and offered him an opportunity to correct them. However, Santino refused to correct them because he believed that he was entitled to compensation for the time he included on the slips. Subsequently, Yatteau terminated Santino's employment based upon his fraudulent pay slips. Finally, concerning the alleged name calling, Yatteau testified that he did not know that Santino was not from the United States and that he did not call him a foreigner. Santino simply failed to show that his national origin was a motivating factor for Greyhound's action or that Greyhound would not have discharged him "but for" its motive to discriminate against him on the basis of his national origin. See Gagne v. Northwestern Nat'l Ins. Co., 881 F.2d 309, 314 (6th Cir.1989).
 
 
 6
 The district court also properly denied Santino's request for the appointment of counsel. See Lavado v. Keohane, 992 F.2d 601, 604-05 (6th Cir.1993). Santino's complaint presented no exceptional circumstances in the form of complex factual or legal issues. Id. at 606.
 
 
 7
 Santino was not entitled to a jury trial, nor was he entitled to seek compensatory or punitive damages. The Civil Rights Act (the Act) of 1991, which became effective on November 21, 1991, does not apply to conduct which occurred prior to the effective date of the Act. See Landgraf v. USI Film Prods., 114 S.Ct. 1483, 1488 (1994). Here, Greyhound terminated Santino's employment on September 5, 1990, over one year before the effective date of the Act.
 
 
 8
 Finally, the district court properly dismissed Santino's supplemental state law claims as time barred. Claims under Ohio Rev.Code § 4112.99 are subject to a one-year statute of limitations. Lewis v. Cotton Club Bottling Co., 621 N.E.2d 862, 864 (Ohio Ct.App.1993). Here, although Santino filed his charge with the OCRC within one year of the alleged discriminatory conduct, he did not file his complaint with the district court until more than one year after his termination. Santino has presented nothing to establish that his charge with the OCRC tolled the one-year statute of limitations.
 
 
 9
 Accordingly, we grant Santino pauper status for the limited purpose of this appeal and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.