DECISION AND JOURNAL ENTRY {¶ 1} Plaintiff-Appellant Daniel Raub, D.O., has appealed from the decision of the Summit County Court of Common Pleas granting Defendant-Appellees Richard Garwood, et al.'s[1] motion to dismiss. This Court affirms.
 I {¶ 2} On June 6, 2003 Appellant filed suit against Appellees where he claimed, among other things, that Appellees engaged in age discrimination when they terminated his employment as Clinical Director for Meridia Medical Group LLC, a named defendant in the instant matter. On July 29, 2003, ten of the eleven named defendants in the instant matter filed a motion to dismiss all of Appellant's claims pursuant to Civ.R. 12(B) (6).[2] On September 26, 2003, Jennifer Horvath, the one named defendant who did not participate in the July 29, 2003 motion to dismiss, filed her own motion to dismiss all of Appellant's claims pursuant to Civ.R. 12(B)(6). Relevant to the instant appeal, on February 17, 2003, the trial court granted both motions to dismiss as they challenged the two age discrimination claims filed by Appellant.[3] Although the trial court dismissed both of Appellant's age discrimination claims, Appellant has timely appealed the trial court's dismissal of only one of his age discrimination claims, asserting one assignment of error.
 II Assignment of Error Number One
"The Trial Court erred by dismissing appellant's claim for age discrimination pursuant to [R.C.] 4112.14 and by denying appellant's motion to reconsider the dismissal of the [R.C.] 4112.14 claim because appellant never made an election of remedies and the claim is governed by a six year statute of limitations."
 {¶ 3} In his sole assignment of error, Appellant has claimed that the trial court erred when it dismissed his R.C. 4112.14 age discrimination claim. Specifically, Appellant has argued that because he pled R.C. 4112.02
and R.C. 4112.14 in the alternative and had not elected R.C. 4112.02 as his remedy, the trial court erred when it elected R.C. 4112.02 as his remedy and subsequently dismissed his R.C. 4112.14 age discrimination claim. We disagree.
 {¶ 4} This Court reviews a trial court's entry of dismissal pursuant to Civ.R. 12(B)(6) under the de novo standard of review. Ferraro v. B.F.Goodrich Co., 149 Ohio App.3d 301, 2002-Ohio-4398, at ¶ 26. To prevail on a Civ.R. 12(B)(6) motion to dismiss, it must appear on the face of the complaint that the plaintiff cannot prove any set of facts that would entitle him to recover. O'Brien v. University Community Tenants Union
(1975), 42 Ohio St.2d 242, 245. A trial court must make every possible inference in favor of the non-moving party and accept all factual allegations of the non-moving party as true. Shockey v. Wilkinson
(1994), 96 Ohio App.3d 91, 94.
 {¶ 5} R.C. 4112.14 states, in pertinent part, that:
"(A) No employer shall * * * discharge without just cause any employee aged forty or older who is physically able to perform the duties and otherwise meets the established requirements of the job and laws pertaining to the relationship between employer and employee.
"(B) * * * The remedies available under this section are coexistent with the remedies available pursuant to [R.C. 4112.02] except that any person instituting a civil action under this section is, with respect to the practices complained of, thereby barred from instituting a civil action under [R.C. 4112.02(N)] * * *."
 {¶ 6} R.C. 4412.02 states, in pertinent part, that it is an unlawful discriminatory practice for an employer to "discharge without just cause" or "otherwise discriminate against" a person due to that person's age. R.C. 4112.02(A). As for remedies, R.C. 4112.02(N) states that an aggrieved employee must bring his cause of action under R.C. 4112.02(A) "within one hundred and eighty days after the alleged unlawful discriminatory practice occurred." Furthermore, "[a] person who files a civil action under [R.C. 4112.02(N)] is barred, with respect to the practices complained of, from instituting a civil action under [R.C.4112.14.]" R.C. 4112.02(N). Thus it is clear that an aggrieved employee cannot recover under both R.C. 4112.02 and R.C. 4112.14 for the same practices of the employer.
 {¶ 7} Appellant first has argued that even though the trial court determined that his R.C. 4112.02 claim was time barred, such a finding should have had no impact on his R.C. 4112.14 claim because the R.C.4112.14 claim was pled in the alternative, had a six year statute of limitations, and Appellant had not elected R.C. 4112.02 as his remedy. In response, Appellees have argued that Appellant elected his remedy as R.C. 4112.02 thus precluding his recovery under R.C. 4112.14 and mandating dismissal of his R.C. 4112.14 claim.
 {¶ 8} It is clearly permissible for a plaintiff in an age discrimination claim to plead R.C. 4112.02, R.C. 4112.14, and R.C. 4112.99
in the alternative. Ferraro, at ¶ 35, citing Giambrone v. Spalding Evenflo Co. (1992), 79 Ohio App.3d 308, 311 (finding error in the trial court's dismissal of a R.C. Chapter 4112 age discrimination claim because the plaintiff failed to elect a single remedy.) See, also,Ziegler v. IBP Hog Market, Inc. (C.A. 6, 2001) 249 F.3d 509, 513 (citingGiambrone with favor and for the proposition that a plaintiff's filing of simultaneous R.C. Chapter 4112 claims is permissible and not grounds for dismissal of the plaintiff's entire age discrimination claim.) However, an aggrieved employee must elect his remedy at some point. Morris v.Kaiser Engineers, Inc. (1984), 14 Ohio St.3d 45, 46. See also,Giambrone, 79 Ohio App.3d at 312. The unanswered question is when an aggrieved employee must elect his remedy.
 {¶ 9} Looking again to Ziegler, the Sixth Circuit set forth what we find to be sound parameters as to when an aggrieved employee must elect his remedy under R.C. Chapter 4112. In Ziegler, the aggrieved employee filed suit against his employer. His suit set forth simultaneous claims pursuant to R.C. 4112.02, R.C. 4112.14 and R.C. 4112.99.[4] The employer filed a motion for judgment on the pleadings, and the aggrieved employee moved to amend his complaint so as to retain only the R.C. 4112.14
claim. The trial court denied the aggrieved employee's motion to amend and soon thereafter entered judgment on the pleadings for the employer. The trial court also dismissed the aggrieved employee's age discrimination claims under all three sections of the statute. The Sixth Circuit reversed the trial court's decision, stating that although R.C. Chapter 4112 barred "successive actions after a single remedy has been elected[,]" the aggrieved employee "may elect a single remedy by motion to amend." Ziegler, 249 F.3d at 513.
 {¶ 10} We agree with the Sixth Circuit and hold that although it is permissible to plead R.C. 4112.02, R.C. 4112.14 and R.C. 4112.99
simultaneously, and in the alternative, an aggrieved employee must elect his sole remedy when an employer files a motion to dismiss. We view the filing of a motion to dismiss as the employer essentially forcing the employee to make his election between the three inconsistent sections of the statute.
 {¶ 11} Clearly an aggrieved employee must be permitted to elect his remedy by amending his complaint. However, an aggrieved employee can also engage in a "de facto" election of remedy by simply defending on one section of the statute when put to his election by the employer. If an aggrieved employee fails to elect under either of these options, then the trial court must exercise its discretion, determine under which section of the statute the aggrieved employee has defended the motion to dismiss, decide the motion on the merits, and dismiss with prejudice the remaining age discrimination claims that were simultaneously pled. Simply put, an aggrieved employee cannot have an unlimited amount of time in which to elect his remedy because such an allowance would be unjust to the employer, burdensome on the lower courts, and contradictory to the spirit of R.C. Chapter 4112.
 {¶ 12} Applying our announced rule to the instant matter, the record reveals that Appellant never moved to amend his complaint. However, Appellant's pleading in response to Appellees' motion to dismiss was an election of remedy because Appellant's pleading only defended on his R.C. 4112.02(N) age discrimination claim. Although Appellant stated in this same responsive pleading that he still sought relief pursuant to R.C. 4112.14, thus attempting to preserve his alternative pleading, we find this tactic untenable. Appellant's attempt at preservation cannot negate the fact that Appellant defended solely on his R.C. 4112.02
claim. Had Appellant wished to proceed on his R.C. 4112.14 claim, he should have defended on this claim rather than his R.C. 4112.02 claim.
 {¶ 13} Based on the foregoing, we conclude that Appellant elected to proceed under R.C. 4112.02 and is now statutorily barred from raising a successive claim under R.C. 4112.14. As a result, the trial court did not err when it dismissed Appellant's age discrimination claim pursuant to R.C. 4112.14. Furthermore, because Appellant has not appealed the trial court's dismissal of his R.C. 4112.02 claim, we are without jurisdiction to address the propriety of the trial court's determination that his R.C. 4112.02 claim was time barred.
 {¶ 14} Appellant next has argued that the trial court erred when it refused to grant his motion for reconsideration of its dismissal of his entire age discrimination claim. However, Appellant has failed to present any arguments in support of this contention. Therefore, we will disregard his argument. See App.R. 16(A)(7); App.R. 12(A)(2); Loc.R. 7(A)(7).
 {¶ 15} Appellant's sole assignment of error lacks merit.
 III {¶ 16} Appellant's sole assignment of error is overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Slaby, P.J., Moore, J., concur.
[1] The eleven named defendants are: Richard M. Garwood, D.O.; Levente G. Batizy, D.O.; Kathleen Rice; Jennifer Horvath; Trent Mascola, D.O.; Meridia Medical Group, LLC; Meridia Health System; South Pointe Hospital; Cleveland Clinic Health System; Cleveland Clinic Health System-Eastern Region; and Fleet Medical Center.
[2] All of the named defendants except Jennifer Horvath were a party to this filing.
[3] The trial court addressed the arguments presented in both Civ.R. 12(B)(6) motions together because it determined that all eleven named defendants presented virtually the same arguments. We concur with this determination and will, therefore, refer to the eleven named defendants together and collectively as "Appellees."
[4] R.C. 4112.99 states that "[w]hoever violates [R.C. Chapter 4112] is subject to a civil action for damages, injunctive relief, or any other appropriate relief."