FERRARO, Appellant,

v.

B.F. GOODRICH COMPANY, Appellee.

[Cite as *Ferraro v. B.F. Goodrich Co.*, 149 Ohio App.3d 301, 2002-Ohio-4398.]

Court of Appeals of Ohio,
Ninth District, Lorain County.

No. 01CA007887.

Decided Aug. 28, 2002.

302

Robert D. Kehoe and Matthew W. Jorgensen, for appellant.

Keith L. Pryatel, for appellee.

WHITMORE, Judge.

{¶ 1}  Plaintiff-appellant, Michael D. Ferraro, has appealed from an order of the Lorain County Court of Common Pleas that dismissed two of his claims against defendant-appellee, the B.F. Goodrich Co. This court reverses and remands.

I

{¶ 2}  On October 31, 2000, appellant filed a complaint in the Lorain County Court of Common Pleas against his former employer, the B.F. Goodrich Company ("Goodrich"). The caption of appellant's complaint was "Refiled Complaint."[1] Appellant's complaint alleged that he was over the age of 40 and had been terminated by Goodrich on October 30, 1998, "under the false pretext of poor work performance." The complaint alleged three claims for relief: (1) age discrimination in violation of R.C. 4112.99, (2) breach of contract, and (3) tortious wrongful discharge in violation of public policy.

{¶ 3}  Goodrich moved to dismiss the complaint, arguing that appellant's age-discrimination claim was time barred, the public-policy claim had to be dismissed because any relief due appellant was available through existing statutory remedies, and the implied-contract claim failed because appellant accepted "at-will" terms of employment. On June 14, 2001, the trial court granted Goodrich's motion to dismiss the claims for age discrimination and wrongful discharge in violation of public policy. The court denied the motion as to appellant's breach-of-contract claim, however, and appellant's complaint was left pending on that claim only.

{¶ 4}  On July 10, 2001, appellant filed a motion in the trial court requesting it to reconsider its order dismissing appellant's age-discrimination and wrongful-termination claims. Appellant's motion requested, in the alternative, that the court amend the dismissal order to include Civ.R. 54(B) language so that appellant could take an immediate appeal.

{¶ 5}  On July 12, 2001, appellant filed his notice of appeal from the trial court's order dismissing his age-discrimination and wrongful-termination claims. On August 10, 2001, the trial court denied appellant's motion to reconsider but granted the motion for Civ.R. 54(B) findings, and amended its dismissal order nunc pro tunc to include the language "There is no just reason for delay." Appellant has asserted two assignments of error for our review.

---

1.  Appellant filed his original complaint against Goodrich on June 30, 1999, but voluntarily dismissed that complaint on March 13, 2000.

## II

{¶ 6} Before proceeding to appellant's assignments of error, we are constrained to resolve a dispute concerning this court's jurisdiction to hear this appeal. Pursuant to Section 3(B)(2), Article IV of the Ohio Constitution, this court's appellate jurisdiction is limited to the review of final judgments of lower courts. See, also, *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.* (1989), 44 Ohio St.3d 17, 20, 540 N.E.2d 266. For a judgment to be final and appealable, it must satisfy the requirements of R.C. 2505.02 and, if applicable, Civ.R. 54(B). *Denham v. New Carlisle* (1999), 86 Ohio St.3d 594, 596, 716 N.E.2d 184. R.C. 2505.02(B)(1) provides that an order "that affects a substantial right in an action that in effect determines the action and prevents a judgment" is final and appealable. Pursuant to Civ.R. 54(B):

{¶ 7} "When more than one claim for relief is presented in an action * * * whether arising out of the same or separate transactions, * * * the court may enter final judgment as to one or more but fewer than all of the claims * * * only upon an express determination that there is no just cause for delay."

{¶ 8} Goodrich has maintained that we are without jurisdiction to hear the appeal on two grounds. First, Goodrich has argued that the trial court's nunc pro tunc amendment of its dismissal order to include Civ.R. 54(B) language did not render that order final and appealable because the trial court did not amend the order until 26 days *after* appellant filed his notice of appeal. According to Goodrich, the trial court lost jurisdiction over the case when appellant filed the notice of appeal, and the court's amendment of its order nunc pro tunc to provide that "[t]here is no just reason for delay" was of no force and effect.

{¶ 9} "[N]unc pro tunc entries are limited in proper use to reflecting what the court actually decided, not what the court might or should have decided or what the court intended to decide." *State ex rel. Fogle v. Steiner* (1995), 74 Ohio St.3d 158, 164, 656 N.E.2d 1288. Nunc pro tunc entries are not appropriate to effect substantive changes in judgments; rather, they are manifestations of courts' "inherent authority to correct errors in judgment entries so that the record speaks the truth." *State ex rel. Litty v. Leskovyansky* (1996), 77 Ohio St.3d 97, 100, 671 N.E.2d 236. See, also, *Lamb v. Summit Mall* (Jan. 17, 2001), 9th Dist. No. 20011, at 10–11., 2001 WL 39597

{¶ 10} While a case is pending on appeal, a trial court retains all jurisdiction over the case that is not inconsistent with the court of appeals' jurisdiction to reverse, modify, or affirm the judgment. *In re Kurtzhalz* (1943), 141 Ohio St. 432, 25 O.O. 574, 48 N.E.2d 657, paragraph two of the syllabus. Nunc pro tunc entries which add Civ.R. 54(B) language to trial court orders have been found not to be inconsistent with such appellate court jurisdiction. *In re*

*Kessler* (1993), 90 Ohio App.3d 231, 236–237, 628 N.E.2d 153; *Regional Imaging Consultants Corp. v. Computer Billing Serv.* (Nov. 30, 2001), 7th Dist. No. 00–CA–79, at 10, 2001 WL 1539261.

{¶ 11}   Moreover, App.R. 4(C) provides: "A notice of appeal filed after the announcement of a decision, order, or sentence but before entry of the judgment or order that begins the running of the appeal time period is treated as filed immediately after the entry." This court has followed numerous other districts in retaining jurisdiction over appeals while trial courts amend judgments nunc pro tunc to include Civ.R. 54(B) language, rendering those judgments final and appealable. See *Lamb*, supra, at 4; *Girard v. Lee Hang–Fu* (June 28, 2000), 9th Dist. No. 99CA007414, at 3–4, 2000 WL 840511; *Dimitroff v. Hamed* (Feb. 9, 2000), 9th Dist. No. 19341, at 4, 2000 WL 150746; *Helman v. EPL Prolong, Inc.* (2000), 139 Ohio App.3d 231, 238, 743 N.E.2d 484; *Atchison v. Atchison* (June 29, 2001), 4th Dist. No. 00CA2727, at 5, 2001 WL 812804; *Youngstown Buick Co. v. Hayes* (Oct. 26, 2000), 7th Dist. No. 98–CA–159, 2000 WL 1635710. Accordingly, Goodrich's argument that the trial court was without jurisdiction to amend its order nunc pro tunc to state that "[t]here is no just reason for delay" is without merit.

{¶ 12}   Goodrich has next contended that the trial court's order dismissing two of the three claims for relief stated in appellant's complaint is not final and appealable even with the addition of Civ.R. 54(B) language. Goodrich has argued that the order did not determine the action or prevent a judgment as required by R.C. 2505.02(B)(1) because the trial court left appellant's breach-of-contract claim pending. Goodrich has cited *Chef Italiano Corp. v. Kent State Univ.* (1989), 44 Ohio St.3d 86, 541 N.E.2d 64, in support of its position that the trial court's retention of appellant's breach-of-contract claim precludes the June 14, 2001 order from being final and appealable.[2]

{¶ 13}   Subsequent to the decision in *Chef Italiano*, Civ.R. 54(B) was amended to specify that upon an express determination that there is no just reason for delay, a final judgment may be entered as to fewer than all of the claims in an action *"whether arising out of the same or separate transactions."* (Emphasis added.) Civ.R. 54(B). The Staff Note to the July 1, 1992 amendment provides:

{¶ 14}   "The purpose of [the amendment] is to clarify the applicability of Civ.R. 54(B) to a judgment on less than all of the claims arising out of the same

---

2.   In *Chef Italiano*, the Ohio Supreme Court sua sponte raised the issue of its jurisdiction to hear the appeal, and determined that an order granting summary judgment on two of the plaintiff's four claims was not final and appealable pursuant to R.C. 2505.02(B). The court held that the order did not *determine* the action or *prevent* a judgment because two counts of the complaint remained pending.

transaction as well as separate transactions and to the immediate appealability of that judgment. A question as to the applicability of Civ.R. 54(B) to multiple claims arising out of the same transaction and the appealability of a Civ.R. 54(B) judgment to those claims and appealability was raised by the decision of the Supreme Court in [*Chef Italiano* ]. The rule is amended to expressly state that it does apply to multiple claims that arise out of the same or separate transactions."

{¶ 15} Following the 1992 amendment to Civ.R. 54(B), numerous appellate courts have found that a trial court order that disposes of fewer than all of a party's claims may be final and appealable when properly certified with Civ.R. 54(B) language. See *Felger v. Tubetech, Inc.*, 7th Dist. No. 2000 CO 23, 2002-Ohio-1161, at ¶ 21, 2002 WL 417903; *Regional Imaging*, 7th Dist. No. 00–CA–79, at 13–14; *Sinoff v. Ohio Permanente Med. Group, Inc.* (2002), 146 Ohio App.3d 732, 734, 767 N.E.2d 1251, fn. 1.

{¶ 16} In 1993, the Ohio Supreme Court set forth the appropriate analysis for reviewing the finality and appealability of orders with respect to which the trial court has granted Civ.R. 54(B) certification. See *Wisintainer v. Elcen Power Strut Co.* (1993), 67 Ohio St.3d 352, 354, 617 N.E.2d 1136. An appellate court first reviews whether the order is final pursuant to R.C. 2505.02, focusing on "that predominantly legal question of whether the order sought to be appealed affects a substantial right and whether it in effect determines an action and prevents a judgment." Id. Secondly, the court reviews whether the trial court's determination that "there is no just cause for delay" was appropriate. Id.

{¶ 17} "A final order * * * is one disposing of the whole case or some separate and distinct branch thereof." *Noble v. Colwell* (1989), 44 Ohio St.3d 92, 94, 540 N.E.2d 1381. To be final and appealable in a case involving multiple claims and multiple parties, an order must "dispose of at least one full claim by one party against another and contain an express certification pursuant to Civ.R. 54(B)." *Horner v. Toledo Hosp.* (1993), 94 Ohio App.3d 282, 288, 640 N.E.2d 857, appeal dismissed as improvidently allowed (1994), 70 Ohio St.3d 1211, 639 N.E.2d 109. "If claims are factually separate and independent, multiple claims are clearly present. Two legal theories that require proof of substantially different facts are considered separate claims for purposes of Civ.R. 54(B)." (Citation omitted.) *State ex rel. Wright v. Ohio Adult Parole Auth.* (1996), 75 Ohio St.3d 82, 86, 661 N.E.2d 728.

{¶ 18} In the instant case, the trial court dismissed appellant's age-discrimination and tortious wrongful-discharge claims, but left pending appellant's breach-of-contract claim. Appellant is accordingly precluded from litigating any aspect of his age-discrimination and wrongful-termination claims; the judgment entry completely resolves and disposes of these causes of action and prevents any

further judgment thereon.[3] While appellant could still obtain relief on his breach-of-contract claim, the breach-of-contract claim requires proof of different facts, involves separate legal issues, and provides for different relief than appellant's age-discrimination and wrongful-discharge claims. Accordingly, we find the order from which appellant has appealed to be final.

{¶ 19} Our analysis, however, does not end there. Pursuant to *Wisintainer*, we must next determine whether the trial court properly certified that "there is no just reason for delay." This phrase "is not a mystical incantation which transforms a nonfinal order into a final appealable order. Such language can, however, through Civ.R. 54(B), transform a final order into a final appealable order." (Citation omitted.) *Wisintainer*, 67 Ohio St.3d at 354, 617 N.E.2d 1136.

{¶ 20} A trial court's determination that "there is no just reason for delay" is essentially a factual one, which an appellate court must not disturb where some competent, credible evidence supports the court's certification. Id. at 354–355, 617 N.E.2d 1136. "The paramount consideration to be made is whether the court's determination serves judicial economy at the trial level." Id. at 355, 617 N.E.2d 1136. In assessing the effect on judicial economy:

{¶ 21} "The trial court can best determine how the court's and the parties' resources may most effectively be utilized. * * * The trial court has seen the development of the case, is familiar with much of the evidence, is most familiar with the trial court calendar, and can best determine any likely detrimental effect of piecemeal litigation." Id. See, also, *Noble v. Colwell*, 44 Ohio St.3d at 96, 540 N.E.2d 1381 (noting that the general purpose of Civ.R. 54[B] is to "accommodate the strong policy against piecemeal litigation with the possible injustice of delayed appeals in special situations"); *Alexander v. Buckeye Pipe Line Co.* (1977), 49 Ohio St.2d 158, 160, 3 O.O.3d 174, 359 N.E.2d 702.

{¶ 22} In the case at bar, judicial economy would be better served by a trial of all of appellant's claims in a single action. Without an immediate appeal of the dismissal of appellant's age-discrimination and tort claims, trial would proceed to final judgment solely on appellant's contract claim. Only then would the dismissal of appellant's discrimination and tort claims become appealable,

---

**3.** Goodrich's reliance on this court's dismissal for lack of a final appealable order in *Horton v. Echoing Lake Residential Homes* (Dec. 20, 2000), 9th Dist. No. 00CA007627, 2000 WL 1859834, is misplaced. In *Horton*, the appellant's sole assignment of error challenged the trial court's denial of the appellant's motion for summary judgment on the appellee's negligence claim. We dismissed the appeal because the denial of a motion for summary judgment manifestly does not determine the action or prevent a judgment and is therefore not final and appealable pursuant to R.C. 2505.02(B). See *Celebrezze v. Netzley* (1990), 51 Ohio St.3d 89, 90, 554 N.E.2d 1292, certiorari denied (1990), 498 U.S. 967, 111 S.Ct. 428, 112 L.Ed.2d 412.

necessitating a second trial if we reversed the dismissal and remanded for trial on these claims. "More important than the avoidance of piecemeal appeals is the avoidance of piecemeal trials." *Wisintainer*, 67 Ohio St.3d at 355, 617 N.E.2d 1136. And as in *Wisintainer*, the trial court in the instant case did not act reflexively in finding that "there is no just reason for delay," but made the determination nunc pro tunc after a motion by appellant. Id. at 356, 617 N.E.2d 1136. In sum, "the interests of sound judicial administration could be served by a finding of 'no just reason for delay,' " and consequently the trial court's determination must stand. Id. at 355, 617 N.E.2d 1136.

{¶ 23} Having determined that we have jurisdiction to hear the appeal, we now turn to appellant's assignments of error.

### Assignment of Error Number One

{¶ 24} "The trial court erred in ruling that any action brought under Chapter 4112 was subject to a 180–day statute of limitations."

{¶ 25} In his first assignment of error, appellant has argued that the trial court erred in applying a 180–day statute of limitations to his claim for age discrimination. Appellant has contended that the statute of limitations properly applicable to his age-discrimination claim is six years and that his claim was therefore timely filed.

{¶ 26} This court reviews an entry of dismissal under Civ.R. 12(B)(6) de novo. *Hunt v. Marksman Prod., Div. of S/R Industries, Inc.* (1995), 101 Ohio App.3d 760, 762, 656 N.E.2d 726, discretionary appeal not allowed in (1995), 73 Ohio St.3d 1427, 652 N.E.2d 800. "In order for a court to dismiss a complaint for failure to state a claim upon which relief can be granted (Civ.R.12(B)(6)), it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery." *O'Brien v. Univ. Community Tenants Union, Inc.* (1975), 42 Ohio St.2d 242, 71 O.O.2d 223, 327 N.E.2d 753, syllabus. For purposes of ruling upon a Civ.R. 12(B)(6) motion, the trial court must accept all factual allegations as true and make every reasonable inference in favor of the nonmoving party. *Shockey v. Wilkinson* (1994), 96 Ohio App.3d 91, 94, 644 N.E.2d 686.

{¶ 27} The statutory provisions relevant to appellant's allegations of age discrimination currently are codified at R.C. Chapter 4112. R.C. 4112.02(N) specifically prohibits discrimination on the basis of age in employment and specifies that a civil action to "enforce the individual's rights" relative to such discrimination must be instituted within 180 days of the alleged unlawful discriminatory practice.

{¶ 28} R.C. 4112.14, previously codified at R.C. 4101.17, also provides a remedy for age-based discrimination in the hiring or termination of employees.

R.C. 4112.14 does not include a limitations provision. The Ohio Supreme Court, however, determined that the six-year limitations period at R.C. 2305.07 applied to discrimination claims based on R.C. 4101.17. *Morris v. Kaiser Engineers, Inc.* (1984), 14 Ohio St.3d 45, 14 OBR 440, 471 N.E.2d 471, paragraph two of the syllabus.

{¶ 29} R.C. 4112.99 is a more general statute: "Whoever violates this chapter is subject to a civil action for damages, injunctive relief or any other appropriate relief." R.C. 4112.99 provides an independent cause of action to remedy any form of discrimination identified in R.C. Chapter 4112. *Elek v. Huntington Natl. Bank* (1991), 60 Ohio St.3d 135, 136, 573 N.E.2d 1056.

{¶ 30} Subsequent to the decision in *Morris*, the Ohio Supreme Court addressed the statute of limitations applicable to a claim for age discrimination that invoked only R.C. 4112.99. See *Bellian v. Bicron Corp.* (1994), 69 Ohio St.3d 517, 634 N.E.2d 608. The plaintiff in *Bellian* argued that because his age-discrimination claim referred only to R.C. 4112.99 as the basis for the action, he was not required to comply with the specific statute of limitations at R.C. 4112.02(N). The Ohio Supreme Court disagreed, holding that "[a]ny age discrimination claim, premised on a violation described in R.C. Chapter 4112, must comply with the one-hundred-eighty-day statute of limitations period set forth in former R.C. 4112.02(N)." *Bellian*, syllabus. At the time of the *Bellian* decision, the only provision of R.C. Chapter 4112 which specifically provided a civil cause of action for age discrimination was R.C. 4112.02. *Bellian*, at 519, 634 N.E.2d 608.

{¶ 31} Shortly after *Bellian* was decided, the General Assembly recodified R.C. 4101.17 as R.C. 4112.14, without altering the text of the provision. This action created some uncertainty as to whether the limitations provision applicable to R.C. 4112.14 claims continued to be six years under *Morris*, or became 180 days under the broad holding of *Bellian*. While the Ohio Supreme Court has not resolved this uncertainty, other courts of appeals have determined that the statute of limitations applicable to R.C. 4112.14 claims is six years rather than 180 days. See *Leonardi v. Lawrence Indus., Inc.* (Sept. 4, 1997), 8th Dist. No. 72313, 1997 WL 547825, 1997 Ohio App. LEXIS 4014, at * 9; *Lehmann v. AAA Cincinnati* (Mar. 26, 1999), 1st Dist. No. C–980163, 1999 WL 162151, 1999 Ohio App. LEXIS 1208, at * 5; *Ahern v. Ameritech Corp.* (2000), 137 Ohio App.3d 754, 780, 739 N.E.2d 1184. See, also, *Ziegler v. IBP Hog Market, Inc.* (C.A.6, 2001), 249 F.3d 509, 518.

{¶ 32} We agree with the reasoning of these decisions finding the limitations provision as set forth in *Bellian* inapplicable to claims brought under R.C. 4112.14. The court in *Bellian* had no reason to consider the limitations period applicable to R.C. 4112.14 claims, because R.C. 4101.17 was not yet recodified at R.C. Chapter 4112 at the time *Bellian* was decided. In addition, *Bellian* relied

upon the rule of statutory construction that the specific statute (R.C. 4112.02[N] ) prevailed over the more general (R.C. 4112.99). That rationale is inapplicable to the instant case, in which two specific statutes (R.C. 4112.02[N] and R.C. 4112.14) creating causes of action for age discrimination are at issue. Finally, we note that the basis of the Ohio Supreme Court's determination in *Morris* that the six-year limitations provision applied to R.C. 4101.17 claims was that the legislature did not specify that the shorter 180–day limitations period should apply to such claims. *Morris,* 14 Ohio St.3d at 48, 14 OBR 440, 471 N.E.2d 471. When the General Assembly recodified R.C 4101.17 at R.C. 4112.14, it once again declined to specifically provide for a 180–day limitations period. Accordingly, we join our sister districts in concluding that the limitations period applicable to R.C. 4112.14 age-discrimination claims is six years.

{¶ 33} Goodrich has argued that the trial court's dismissal of appellant's age-discrimination claim on statute of limitations grounds was proper nonetheless because appellant's complaint asserts a claim pursuant to R.C. 4112.02(N) and not R.C. 4112.14. Therefore, Goodrich has argued, appellant's claim was subject to the 180–day limitations period applicable to actions brought under R.C. 4112.02(N).

{¶ 34} Appellant's age-discrimination claim did not specifically invoke either R.C. 4112.02(N) or R.C. 4112.14. As was the case in *Bellian,* the discrimination claim in appellant's complaint referred only to R.C. Chapter 4112 generally and stated that it was brought under R.C. 4112.99. According to Goodrich, however, appellant's age-discrimination claim *must* have been brought pursuant to R.C. 4112.02(N) because the complaint requests relief that is available under that provision but is not available under R.C. 4112.14. Specifically, Goodrich has pointed out that appellant's complaint includes a jury demand, prays for punitive damages, and requests damages for "emotional distress, upset, hurt, pain and humiliation, and loss of enjoyment of life." Goodrich has cited *Hoops v. United Tel. Co. of Ohio* (1990), 50 Ohio St.3d 97, 101, 553 N.E.2d 252 for the proposition that "these types of relief are plainly unavailable" under R.C. 4112.14.

{¶ 35} The relief requested in appellant's complaint, however, was not claim-specific and sought numerous other remedies not mentioned by Goodrich — such as "[r]einstatement to his former position" and the costs of the action — which are available under R.C. 4112.14. The jury demand in the complaint also requested a trial by jury only as to "all issues so triable," which supports the inference that appellant's complaint included one or more claims to which the right to trial by jury does not attach. Furthermore, "R.C. Chapter 4112 is a remedial Act to be construed liberally * * *." *Giambrone v. Spalding & Evenflo Co.* (1992), 79 Ohio App.3d 308, 311, 607 N.E.2d 106 (reversing trial court's dismissal of an R.C. Chapter 4112 age-discrimination claim where plaintiff failed

to elect a single remedy). Most important, a court ruling on a Civ.R. 12(B)(6) motion to dismiss must draw every reasonable inference in favor of the nonmoving party. *Shockey,* 96 Ohio App.3d at 94, 644 N.E.2d 686. Given this deferential mode of review and the liberal construction to be afforded R.C. Chapter 4112, we cannot conclude from the relief requested by appellant that his complaint failed to articulate a claim for relief under R.C. 4112.14.

{¶ 36} Goodrich has also contended that appellant's arguments made in support of his claim during the pendency of his first, voluntarily dismissed complaint evidence appellant's election to pursue a claim under R.C. 4112.02(N) rather than R.C. 4112.14 in the case sub judice. Goodrich has also argued that appellant elected his exclusive remedy by asserting an R.C. 4112.02(N) claim for relief in his initial complaint, which precludes him from seeking relief pursuant to R.C. 4112.14 in the instant case. In support of these assertions, Goodrich has referred to a memorandum allegedly filed by appellant in response to Goodrich's motion to dismiss appellant's initial complaint. Goodrich has argued that in that memorandum, appellant conceded that at one time the applicable statute of limitations had been 180 days, but that that period was lengthened to two years by H.B. 350, effective January 10, 1997.[4]

{¶ 37} Both R.C. 4112.02(N) and R.C. 4112.14 provide that they are mutually exclusive remedies and that the filing of a civil action under one provision bars the institution of proceedings under the other. However, "[a] dismissal without prejudice leaves the parties as if no action had been brought at all." *DeVille Photography, Inc. v. Bowers* (1959), 169 Ohio St. 267, 272, 8 O.O.2d 281, 159 N.E.2d 443. Accordingly, proceedings in connection with appellant's voluntarily dismissed complaint cannot lend support to Goodrich's argument. See *Hooks v. Ciccolini,* 9th Dist. No. 20745, 2002-Ohio-2322, at ¶ 12–13, 2002 WL 1023172.

{¶ 38} Moreover, in determining whether a party has failed to state a claim upon which relief can be granted, a court may look only to the four corners of the complaint. *Thompson v. Cent. Ohio Cellular* (1994), 93 Ohio App.3d 530, 538, 639 N.E.2d 462. A court cannot consider outside evidentiary materials unless the motion is converted, with appropriate notice, into a motion for summary judgment pursuant to Civ.R. 56. Id.; Civ.R. 12(B). Goodrich apparently submitted some materials outside the pleadings in connection with its motion to dismiss appellant's breach-of-contract claim, and attempted thereby to convert its motion to a motion for summary judgment. There is no evidence in the record, however,

---

4. H.B. 350 was later declared to be unconstitutional in toto in *State ex rel. Ohio Academy of Trial Lawyers v. Sheward* (1999), 86 Ohio St.3d 451, 715 N.E.2d 1062, paragraph three of the syllabus. In the wake of *Sheward,* courts have been compelled to apply the law in effect before the unconstitutional efforts of the General Assembly. *Middletown v. Ferguson* (1986), 25 Ohio St.3d 71, 80, 25 OBR 125, 495 N.E.2d 380.

that the trial court considered materials from appellant's first, voluntarily dismissed action in determining the motion to dismiss in the instant case. Accordingly, these materials are not a part of the record before this court, and we cannot use them in deciding the appeal.[5]  *State v. Hill* (2001), 90 Ohio St.3d 571, 573, 740 N.E.2d 282.

{¶ 39}  Accepting all factual allegations as true and making every reasonable inference in favor of appellant, we cannot conclude beyond doubt from the complaint that appellant can prove no set of facts entitling him to recovery under R.C. 4112.14.  Appellant's first assignment of error is well taken.

### Assignment of Error Number Two

{¶ 40}  "The lower court erred in ruling that [appellant] had not complied with the statutory requirements of [R.C.] Chapter 4112, and was therefore precluded from bringing a wrongful termination claim."

{¶ 41}  In his second assignment of error, appellant has argued that the trial court erred in dismissing his claim for wrongful discharge in violation of public policy on the ground that he failed to strictly comply with the limitations period of R.C. Chapter 4112.  Appellant has contended that his age-discrimination claim is not time-barred, and he has therefore complied with the statutory requirements necessary to permit him to proceed on his tortious wrongful-termination claim.

{¶ 42}  In *Greeley v. Miami Valley Maintenance Contrs., Inc.* (1990), 49 Ohio St.3d 228, 551 N.E.2d 981, paragraphs one, two, and three of the syllabus, the Ohio Supreme Court recognized an exception to the employment-at-will doctrine when an at-will employee is discharged for a reason that contravenes clear public policy.  To establish a claim for tortious wrongful discharge in violation of public policy, four elements must be satisfied:

{¶ 43}  "1. That [a] clear public policy existed and was manifested in a state or federal constitution, statute or administrative regulation, or in the common law (the *clarity* element).

{¶ 44}  "2. That dismissing employees under circumstances like those involved in the plaintiff's dismissal would jeopardize the public policy (the *jeopardy* element).

---

5.  Goodrich moved to supplement the record on appeal with portions of the record from appellant's initial, voluntarily dismissed action.  This court denied the motion because Goodrich failed to show that the materials it sought to add to the record were before the trial court.  Although Goodrich nevertheless attached the materials to its appellate brief, they are still not part of the record on appeal and therefore cannot be considered by this court.

{¶ 45} "3. The plaintiff's dismissal was motivated by conduct related to the public policy (the *causation* element).

{¶ 46} "4. The employer lacked overriding legitimate business justification for the dismissal (the *overriding justification* element)." (Emphasis sic.) *Painter v. Graley* (1994), 70 Ohio St.3d 377, 384, 639 N.E.2d 51, fn. 8, quoting H. Perritt, The Future of Wrongful Dismissal Claims: Where Does Employer Self Interest Lie? (1989), 58 U.Cin.L.Rev. 397, 398–399 (reaffirmed in *Kulch v. Structural Fibers, Inc.* [1997], 78 Ohio St.3d 134, 150–151, 677 N.E.2d 308). The clarity and jeopardy elements are questions of law to be determined by the court, while the causation and overriding-justification elements are questions for the trier of fact. *Kulch*, 78 Ohio St.3d at 151, 677 N.E.2d 308.

{¶ 47} An employee who asserts a statute as the basis for the *Greeley* claim must strictly comply with the requirements of the statute. Id. at paragraph three of the syllabus. While neither party has challenged the trial court's proposition that such strict compliance includes compliance with the statute's limitations provision, we note that at least one court has cogently analyzed and rejected this principle. See *Rogers v. AK Steel Corp.* (Apr. 16, 1998), S.D.Ohio No. C–1–96–987, 1998 WL 1753590, 1998 U.S. Dist. LEXIS 22450, at * 11–17 (concluding, based on *Painter v. Graley* [1992], 84 Ohio App.3d 65, 73, 616 N.E.2d 285, affirmed [1994], 70 Ohio St.3d 377, 639 N.E.2d 51, that the applicable statute of limitations is the general or residual four-year period for personal injury actions at R.C. 2305.09[D] ).

{¶ 48} In any event, given our disposition of appellant's first assignment of error, we conclude that the trial court erred in dismissing appellant's wrongful-discharge claim due to his failure to comply with the 180–day limitations provision of R.C. 4112.02(N). However, Goodrich has advanced several other arguments in support of its position that the trial court's dismissal of appellant's "public policy" claim was nonetheless correct. We now turn to those alternative arguments.

{¶ 49} Goodrich has first argued that the jeopardy element under the *Painter* analysis cannot be established in the instant case. Specifically, Goodrich has contended that where the public policy on which the employee relies is manifested in a statute which itself provides for "extensive remedies," the employee's wrongful-discharge claim must fail because the jeopardy element cannot be established.

{¶ 50} In *Kulch*, the Ohio Supreme Court made clear that a claim for tortious wrongful discharge in violation of the public policy embodied in R.C. 4113.52 (the "Whistleblower Statute") could be brought in spite of the fact that R.C. 4113.52 provided specific civil remedies to an aggrieved employee. *Kulch*, 78 Ohio St.3d at 155, 677 N.E.2d 308. The court explained that the remedies provided by the

statute were "not adequate to fully compensate an aggrieved employee who is discharged, disciplined, or otherwise retaliated against in violation of the statute." Id.

{¶ 51} The Ohio Supreme Court has evidently expanded *Kulch* to apply to cases such as the one sub judice, in which a more expansive panoply of statutory remedies is available. In *Livingston v. Hillside Rehab. Hosp.* (1997), 79 Ohio St.3d 249, 680 N.E.2d 1220, plaintiff employee brought an age-discrimination claim pursuant to R.C. 4101.17 (since recodified at R.C. 4112.14) as well as a claim for tortious wrongful discharge in violation of public policy. The Eleventh District Court of Appeals found that effective and adequate statutory remedies were available to the employee and affirmed the trial court's dismissal of the employee's claim for wrongful discharge. *Livingston v. Hillside Rehab. Hosp.* (Jan. 24, 1997), 11th Dist. No. 95–T–5360, 1997 WL 51413, 1997 Ohio App. LEXIS 244. Without opinion, the Ohio Supreme Court reversed "on the authority of" *Kulch.* *Livingston,* 79 Ohio St.3d 249, 680 N.E.2d 1220.

{¶ 52} In the aftermath of *Livingston,* both state and federal courts have concluded that Ohio law recognizes a claim for tortious wrongful termination in violation of public policy based on age discrimination. *Leonardi v. Lawrence Industries, Inc.* (Sept. 4, 1997), 8th Dist. No. 72313, 1997 Ohio App. LEXIS 4014, at * 13; *Ziegler v. IBP Hog Market, Inc.* (C.A.6, 2001), 249 F.3d 509, 519; *White v. Honda of Am. Mfg., Inc.* (S.D.Ohio 2002), 191 F.Supp.2d 933, 954; *Smith v. Glaxo Wellcome, Inc.* (June 11, 1998), S.D.Ohio No. C–1–96–540, 1998 WL 34024762, 1998 U.S. Dist. LEXIS 22455, at * 2–3; *Rogers,* 1998 U.S. Dist. Lexis 22450 at * 17. Goodrich's argument that such a claim is precluded by the availability of coexistent statutory remedies is without merit.

{¶ 53} Goodrich has also argued that appellant's tort claim for wrongful discharge is precluded by the "exclusive remedy" provisions in Ohio's age-discrimination statutes. However, the statutory exclusive-remedy provisions in R.C. Chapter 4112 do not preclude a plaintiff's pursuit of all other remedies; these provisions, rather, are very specific in describing what remedies are and are not mutually exclusive. See, e.g., R.C. 4112.14(B) ("The remedies available under this section are coexistent with remedies available pursuant to sections 4112.01 to 4112.11 of the Revised Code; except that any person instituting a civil action under this section is, with respect to the practices complained of, thereby barred from instituting a civil action under division [N] of section 4112.02 of the Revised Code or from filing a charge with the Ohio civil rights commission under section 4112.05 of the Revised Code"); R.C. 4112.02(N) ("A person who files a civil action under this division is barred, with respect to the practices complained of, from instituting a civil action under section 4112.14 of the Revised Code and from filing a charge with the commission under Section 4112.05 of the Revised

Code"). A plaintiff who pursues a remedy under R.C. Chapter 4112 is therefore not statutorily precluded from pursuing a tortious wrongful-termination claim.

{¶ 54} For all of the foregoing reasons, appellant's second assignment of error is well taken.

## III

{¶ 55} Appellant's assignments of error are sustained. The judgment of the trial court is reversed, and the cause is remanded for proceedings consistent with this opinion.

CARR, J., concurs.

SLABY, J., dissents.

SLABY, Judge, dissenting.

{¶ 56} I respectfully dissent. The majority determined that a final, appealable order exists and, therefore, this court has jurisdiction to decide this appeal. As I find that the judgment entry from which appellant appeals is not a final, appealable order, I would dismiss the appeal.

{¶ 57} Particularly, I must address the validity of the trial court's Civ.R. 54(B) certification of its June 14, 2001 judgment entry. Initially, it should be noted that the mere presence of Civ.R. 54(B) language will not transform a nonfinal judgment into a final and appealable order. *Chef Italiano Corp. v. Kent State Univ.* (1989), 44 Ohio St.3d 86, 89, 541 N.E.2d 64. Therefore, when analyzing whether an order that has been granted Civ.R. 54(B) certification is final and appealable, an appellate court must determine (1) whether the order is final pursuant to R.C. 2505.02 and (2) whether the trial court appropriately determined that "there is no just reason for delay." *Wisintainer v. Elcen Power Strut Co.* (1993), 67 Ohio St.3d 352, 354, 617 N.E.2d 1136. A trial court's determination is appropriate if it finds that an interlocutory appeal furthers the interests of sound judicial administration. Id. at paragraph one of the syllabus. Moreover, the trial court's decision must advance judicial economy at the trial level. Id. at 355, 617 N.E.2d 1136.

{¶ 58} In this case, the trial court's determination that "there is no just cause for delay" was not appropriate, since its decision does not advance judicial economy. Specifically, the majority stated that judicial economy would be better served if all of appellant's claims were tried in a single action. It supports its contention by noting that it is more important to avoid piecemeal trials than piecemeal appeals. See id. Notwithstanding that fact, "[t]he prompt and orderly disposal of litigation is an object much to be desired" in our system of jurispru-

dence. See *Ohio Historical Soc. v. State Emp. Relations Bd.* (1990), 48 Ohio St.3d 45, 48, 549 N.E.2d 157, citing *Squire v. Grdn. Trust Co.* (1946), 147 Ohio St. 1, 5, 68 N.E.2d 312. Accordingly, the certification of the judgment entry does not further this objective. Specifically, either party may appeal our decision to the Ohio State Supreme Court, thereby continuing to tie the trial court's hands, as it would be unable to proceed until all of the appeals have run. Additionally, this certainly does not promote judicial economy. Finally, the mere fact that these claims may be disjointed does not reflexively hinder judicial economy. See *Wisintainer,* 67 Ohio St.3d at 354, 617 N.E.2d 1136. Thus, the trial court's certification was inappropriate, and the June 14, 2001 order is not final or appealable. See id.

{¶ 59} Accordingly, I would dismiss the appeal, as this court lacks jurisdiction to hear the appeal.