{¶ 1} Plaintiff-appellant, Larry Robinson, appeals the judgment of the trial court overruling his objections to a magistrate's decision denying his petition for limited driving privileges.
 {¶ 2} At the outset, this court must address whether there is a final appealable order ripe for review. State ex rel. White v. Cuyahoga Metro.Hous. Auth., 79 Ohio St.3d 543, 544, 1997-Ohio-366, 684 N.E.2d 72. Appellate courts have jurisdiction to review the final orders or judgments of lower courts within their appellate districts. Section 3
(B)(2), Article IV, Ohio Constitution. If a lower court's order is not final, then an appellate court does not have jurisdiction to review the matter and the matter must be dismissed. General Acc. Ins. Co. v. Ins.Co. of North America (1989), 44 Ohio St.3d 17, 20, 540 N.E.2d 266;Harris v. Conrad, 12th Dist. No. CA-2001-12-108, 2002-Ohio-3885. For a judgment to be final and appealable, it must satisfy the requirements of R.C. 2505.02 and, if applicable, Civ.R. 54(B). Denham v. NewCarlisle, 86 Ohio St.3d 594, 596, 1999-Ohio-128, 716 N.E.2d 184;Ferraro v. B. F. Goodrich Co., 149 Ohio App.3d 301, 2002-Ohio-4398,777 N.E.2d 282. This appeal implicates R.C. 2505.02.
 {¶ 3} R.C. 2505.02 (B)(1) provides an order "[t]hat affects a substantial right in an action that in effect determines the action and prevents a judgment" is final and appealable.
 {¶ 4} "Under Civ. R. 53(E)(4), one of three scenarios occurs after a magistrate's decision: (1) absent objections, the court may adopt the decision if no errors of law or other defects appear on the face of the decision; (2) if objections are filed, the court considers the objections and may adopt, reject, or modify the decision, hear additional evidence, recommit the matter to the magistrate, or hear the matter; or (3) the court may immediately adopt the decision and enter judgment without waiting for objections, but the filing of timely objections automatically stays *Page 3 
execution of the judgment until the court disposes of the objections and vacates, modifies or adheres to the judgment already entered. Under the third scenario, the trial court may also enter interim orders that are not subject to an automatic stay. These interim orders are only effective for a brief period of time." Crane v. Teague, 2nd Dist. No. 20684, 2005-Ohio-5782, at T|38.
 {¶ 5} Therefore, a magistrate's decision is interlocutory. Interlocutory orders are subject to change and may be reconsidered upon the court's own motion or that of a party. See Pitts v. Dept. ofTransp. (1981), 67 Ohio St.2d 378, 423 N.E.2d 1105, fn. 1. Furthermore, a magistrate's decision remains interlocutory, even if adopted by the court, unless and until the court enters a final order that determines all the claims for relief in the action or determines that there is no just reason for delay. See Civ.R. 54(B); Mahlerwein v. Mahlerwein,160 Ohio App.3d 564, 572, 2005-Ohio-1835, 828 N.E.2d 153, 158-59.
 {¶ 6} A final judgment does not exist where the trial court fails to both adopt the magistrate's decision and enter judgment stating the relief to be afforded. Harkai v. Scherba Industries, Inc. (2000),136 Ohio App.3d 211, 216-218, 736 N.E.2d 101. The reason for this is that orders are not court orders unless certain formalities are met. Id. at 217. In addition, only judges, not magistrates, may terminate claims or actions by entering judgment. Id. at 218.
 {¶ 7} The record before us demonstrates that Robinson's driver's license was suspended for his failure to show proof of financial responsibility after he received a *Page 4 
traffic ticket. The suspension was for three months, effective from January 13, 2006 through April 13, 2006. At the time the suspension was issued, Robinson was a professional truck driver and had a commercial driver's license. Robinson, a resident of the city of Cleveland, petitioned the Cleveland Municipal Court on January 12, 2006 for limited driving privileges, and specifically requested driving privileges for work purposes. In a decision dated February 1, 2006, a magistrate denied Robinson's petition on the ground that R.C. 4506.161 prohibited the court from granting driving privileges because of Robinson's commercial driver status.
 {¶ 8} On February 6, 2006, Robinson filed an objection to the magistrate's ruling, and argued that R.C. 4506.161 is unconstitutional. On March 24, 2006, Robinson filed a renewed objection to the magistrate's ruling. On May 12, 2006, Robinson filed a notice of appeal[1] Subsequently, on May 19, 2006, the trial court issued an entry, which has been incorporated into the appellate record, stating, "[p]ursuant to Civ.R. 53, Petitioner's Objection to the Magistrate's Decision is overruled. Judgment Entry of February 1, 2006, shall remain in full force and effect. Stay terminated." *Page 5 
 {¶ 9} The trial court failed to both adopt the magistrate's decision and enter judgment stating the relief to be afforded. As the magistrate's decision has not yet been adopted by the trial court it remains an interlocutory order and may be reconsidered upon the court's own motion or that of a party. This court therefore lacks jurisdiction to rule on the assignment of error presented by Robinson.
Appeal dismissed.
It is ordered that appellees recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Anthony O. Calabrese, Jr., P. J., and Patricia A. Blackmon, J., concur.
[1] As of May 12, 2006, the trial court had not ruled on Robinson's objection. A lack of ruling by a trial court constitutes a denial. SeeSolon v. Solon Baptist Temple, Inc. (1982), 8 Ohio App.3d 347,457 N.E.2d 858. Robinson thus reasoned that the trial court's failure to rule by the time his suspension expired (April 13, 2006) was a denial of his petition from which he could appeal. *Page 1