{¶ 1} Plaintiffs-appellants Deborah L. Hoffman, et al. appeal the August 28, 2007 Decision and Judgment Entry of the Richland County Court of Common Pleas which rendered summary judgment in favor of Defendant-appellee Stearns Lehman, Inc. and dismissed with prejudice Appellants' Complaint.
 {¶ 2} Initially this Court must determine whether the trial court's August 28, 2007 entry is a final appealable order ripe for review, which vests this Court with jurisdiction. State ex rel. White vs. CuyahogaMetro. Hous. Aut., 79 Ohio St.3d 543, 544, 1997-Ohio-366, 684 N.E.2d 72.
 {¶ 3} Appellate courts have jurisdiction to review the final orders or judgments of lower courts within their appellate districts. Section3(B)(2), Article IV, Ohio Constitution. If a lower court's order is not final, then an appellate court does not have jurisdiction to review the matter and the matter must be dismissed. General Acc. Ins. Co. vs.Insurance of North America (1989), 44 Ohio St.3d 17, 20, 540 N.E.2d 266;Harris v. Conrad (June 17, 2002), 12th Dist. No. CA-2001-12 108. For a judgment to be final and appealable, it must satisfy the requirements of R.C. § 2505.02 and if applicable, Civ.R. 54(B). Denham v. NewCarlisle (1999), 86 Ohio St.3d 594, 596, 716 N.E.2d 184; Ferraro v. B.F.Goodrich Co. (2002), 149 Ohio App.3d 301, 2002-Ohio-4398,777 N.E.2d 282.
 {¶ 4} Revised Code § 2505.02(B)(1) defines a final order as "an order that affects a substantial right in an action that in effect determines the action and prevents a judgment." A final order determines the whole case, or a distinct branch thereof, and reserves nothing for future determination, so that it will not be necessary to bring the *Page 3 
cause before the court for further proceedings. Catlin v. UnitedStates (1945), 324 U.S. 229, 233, 65 S.Ct. 631, 89 L.Ed. 911.
 {¶ 5} Civil Rule 54(B) provides that if there are multiple claims or parties, a court may enter final judgment as to one or more but fewer than all the claims or parties only upon an express determination there is no just reason for delay. In the absence of such a determination, a decision which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not a final appealable order.
 {¶ 6} Civ.R. 54(B) makes use of the "no just reason for delay" language mandatory. Jarrett v. Dayton Osteopathic Hosp., Inc. (1985),20 Ohio St.3d 77, 486 N.E.2d 99, syllabus. Unless those words appear, the order can not be either final or appealable even if the trial court declares it to be. Ft. Frye Teachers Assn. v. Ft. Frye Local SchoolDist. Bd. of Edn. (1993), 87 Ohio App.3d 840, 843, fn. 4, citingPickens v. Pickens (Aug. 27, 1992), Meigs App. No. 459.
 {¶ 7} Though likely moot, there remains pending in the trial court a third-party complaint by Appellee again Linker Equipment Corporation and Automated Machinery Equipment, Inc. The trial court entry neither disposes of this claim nor *Page 4 
recites the requisite Civ. R. 54(B) language. As such, we dismiss this appeal, sua sponte, for want of jurisdiction.
 Hoffman, P.J., Farmer, J. and Delaney, J., concur. *Page 5 
 JUDGMENT ENTRY
For the reason stated in our accompanying Memorandum-Opinion, we hereby order this appeal dismissed. Costs assessed to Appellants. *Page 1