[Cite as *In re O.B.*, 2012-Ohio-4780.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| IN THE MATTER OF O.B. | : | JUDGES: |
| ALLEGED DEPENDENT/ABUSED | : | Hon. Patricia A. Delaney, P.J. |
| CHILD | : | Hon. W. Scott Gwin, J. |
|  | : | Hon. William B. Hoffman, J. |
|  | : |  |
|  | : |  |
|  | : | Case No. 2012-CA-7 |
|  | : |  |
|  | : |  |
|  | : | O P I N I O N |

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Civil appeal from the Richland County Court of Common Pleas, Case No. 2011DEP00014 |
| JUDGMENT: | Dismissed |
| DATE OF JUDGMENT ENTRY: | October 11, 2012 |
| APPEARANCES: | |

For Richland County Children's Services  For Father

ROBERT HARVEY       GEORGE KEYSER
3400 Ashton Drive        2752 Country Meadows
Uniontown, OH 44685      Shelby, OH 44875


For Guardian Ad Litem

DALE MUSILLI
71 Shady Lane
Mansfield, OH 44907

*Gwin, J.,*

**{¶1}** Appellants Richland County Children Services Board ["RCCSB"], Randy Parker ["Parker"], Edith Gilliland [Gilliland"], Kevin Goshe ["Goshe"], Amanda Belford ["Belford"], and Angie Poth ["Poth"] appeal the January 25, 2012 Judgment Entry of the Richland County Court of Common Pleas, Juvenile Division, overruling their motion to quash subpoenas. Appellee is the Richland County Juvenile Court and the guardian ad litem, Dale Musilli ["Musilli"].

## I. FACTS AND PROCEDURAL HISTORY

**{¶2}** In the proceedings below, a child dependency action, Musilli, brought charges of criminal contempt against RCCSB, alleging that it intentionally destroyed subpoenaed evidence and willfully disregarded a court order to produce the evidence. In furtherance of the criminal contempt claim, Musilli subpoenaed five RCCSB employees he believes are responsible for the alleged destruction of evidence: Parker, Gilliland, Goshe, Belford, and Poth.

**{¶3}** On August 23, 2011, Musilli served a subpoena on RCCSB pursuant to Ohio Civ. R. 45, for a video recording of an incident that took place in its lobby on August 22, 2011. Sixteen days after service of the subpoena, RCCSB moved that the subpoena be quashed. This motion was overruled, but the recording was not produced at that hearing. On October 24, 2011, the Court ordered that the video be produced at the next hearing, set for November 23, 2011. On November 23, 2011, the recording was again not produced. Again, the court ordered its production for November 30, 2011.

**{¶4}** On September 8, 2011, RCCSB, through its counsel Edith Gilliland, filed a motion to quash the subpoena on grounds of confidentiality and relevance. On October

24, 2011, a magistrate denied RCCSB's motion to quash the subpoena and directed it to give the Musilli access to the requested video recording. On December 1, 2011, the magistrate reiterated this directive and ordered RCCSB to provide the court with the original recording or a copy by December 5, 2011. The trial court adopted the magistrate's opinion on December 1, 2011. Thereafter it was discovered the subject recording no longer existed. The court was informed on December 5, 2011.

{¶5} On December 13, 2011, Musilli filed a "Motion to Show Cause," pursuant to R.C. 2705.02, requesting that RCCSB and "relevant agents thereof" be held in contempt for allegedly "willfully allowing" the recording "to be destroyed." Subsequently, an amended Motion to Show Cause was filed on January 25, 2012. This amendment deleted a demand that agents and employees of RCCSB be held in contempt.

{¶6} The contempt matter was originally set for January 13, 2012. On that day pretrial discussions of a possible resolution ensued, the contempt hearing was reset to January 30, 2012 and the case was set for status conference on January 24, 2012.

{¶7} Subpoenas were issued to Belford, Gilliland, Goshe, Parker, Poth and Zahn for the January 30, 2012 hearing on the Show Cause motion. All subpoenaed witnesses, except Zahn, were employees of RCCSB during the times relevant to the contempt. RCCSB moved that these subpoenas be quashed. Although the Motion to Quash did not include Bedford and Poth, the parties agreed and the Court permitted extension of the motion to include Bedford and Poth. That hearing was conducted on January 24, 2012 and by Judgment Entry filed January 25, 2012 that motion was overruled.

*II. ASSIGNMENTS OF ERROR,*

{¶8}   Appellants raise two assignments of error,

{¶9}   "I. THE TRIAL COURT ERRED AS A MATTER OF LAW BY PLACING THE BURDEN OF PRODUCTION AND THE BURDEN OF PERSUASION ONTO RICHLAND COUNTY CHILDREN SERVICES TO PROVE ITSELF INNOCENT OF CRIMINAL CONTEMPT, THEREBY DEPRIVING IT OF ITS CONSTITUTIONAL DUE PROCESS RIGHT TO A PRESUMPTION OF INNOCENCE THAT CANNOT BE OVERCOME UNLESS ITS GUILT IS PROVEN BEYOND A REASONABLE DOUBT.

{¶10}   "II. THE TRIAL COURT ERRED AS A MATTER OF LAW BY DENYING THE INDIVIDUAL APPELLANTS' MOTION TO QUASH SUBPOENAS AND COMPELLING THEM TO BE CROSS EXAMINED FOR THE PURPOSE OF ELICITING TESTIMONY TO BE USED TO CHARGE THEM WITH CRIMINAL CONTEMPT, RESULTING IN A DEPRIVATION OF THEIR CONSTITUTIONAL FIFTH AND FOURTEENTH AMENDMENT RIGHTS."

*III. ANALYSIS*

*A. Jurisdiction of Court of Appeals*

{¶11} Before reaching the merits of the appeal, we must address the threshold issue of whether the judgment appealed is a final, appealable order. Appellees have raised an issue that the appeal herein is premature. We agree.

{¶12} Even if a party does not raise the issue, this court must address, sua sponte, whether there is a final appealable order ripe for review. *State ex rel. White vs. Cuyahoga Metro. Hous. Aut.*, 79 Ohio St.3d 543, 544, 1997-Ohio-366, 684 N.E.2d 72. Thus, we shall first consider whether this court has jurisdiction over appellant's appeal.

{¶13} Appellate courts have jurisdiction to review the final orders or judgments of lower courts within their appellate districts. Section 3(B)(2), Article IV, Ohio Constitution. If a lower court's order is not final, then an appellate court does not have jurisdiction to review the matter and the matter must be dismissed. *General Acc. Ins. Co. vs. Insurance of North America,* 44 Ohio St.3d 17, 20, 540 N.E.2d 266(1989); *Harris v. Conrad*, 12th Dist. No. CA-2001-12 108, 2002-Ohio-3885. For a judgment to be final and appealable, it must satisfy the requirements of R.C. 2505.02 and if applicable, Civ. R. 54(B). *Denham v. New Carlisle*, 86 Ohio St.3d 594, 596, 716 N.E.2d 184 (1999); *Ferraro v. B.F. Goodrich Co.*, 149 Ohio App.3d 301, 2002-Ohio-4398, 777 N.E.2d 282. If an order is not final and appealable, an appellate court has no jurisdiction to review the matter and it must be dismissed.

{¶14} The order denying the motion to quash subpoenas commanding an employee or employees of RCCSB to appear and testify is not a final appealable order. Appellants point to no specific statutory privilege to exempt them from giving testimony. Rather, appellants raise a vague claim to a Fifth Amendment privilege to refuse to testify ostensibly because said testimony may expose RCCSB to criminal liability. Although such testimony may properly fall within the right against self-incrimination, it must first be demonstrated that the testimony sought falls within the privilege. The trial court should afford the parties the opportunity to litigate the issue of self-incrimination.

{¶15} The Fifth Amendment privilege against self-incrimination provides that no person shall be compelled to be a witness against himself in a criminal case and permits a person to refuse to answer official questions in another proceeding, civil or criminal, formal or informal, where the answers might incriminate him in future criminal

proceedings. *Minnesota v. Murphy*, 465 U.S. 420, 426, 104 S.Ct. 1136, 79 L.Ed.2d 409(1984), citing *Lefkowitz v. Turley*, 414 U.S. 70, 77, 94 S.Ct. 316, 38 L.Ed.2d 274(1973).

{¶16} The Ohio Supreme Court has held that when a witness asserts a privilege against self-incrimination, a court may not rely upon the witness's claim alone, but has a duty to determine whether the witness's refusal to answer is justified. *State v. Jackson*, 92 Ohio St.3d 436, 447, 751 N.E.2d 946(2001). A valid assertion exists where a witness has reasonable cause to apprehend a real danger of incrimination. *United States v. Apfelbaum*, 445 U.S. 115, 127, 100 S.Ct. 948, 63 L.Ed.2d 250(1980); *In re Morganroth* 718 F.2d 161, 167(C.A.6, 1983). "To sustain the privilege, it need only be evident from the implications of the question, in the setting in which it is asked, that a responsive answer * * * might be dangerous because injurious disclosure could result. * * *" *Hoffman v. United States,* 341 U.S. 479, 486-487, 71 S.Ct. 814, 95 L.Ed. 1118(1951). The privilege extends to answers which would furnish a link in the chain of evidence, exposing the witness to criminal liability. Id. at 486; *Blau v. United States*, 340 U.S. 159, 71 S.Ct. 223, 95 L.Ed. 170(1950); and *State v. Landrum*, 53 Ohio St.3d 107, 120-121, 559 N.E.2d 710(1990).

{¶17} In this case, no witness has been called to testify. Nor has the trial court determined if the refusal to testify is justified. No witness has been compelled to testify to anything.

{¶18} Because there is no final appealable order, this court does not have jurisdiction to entertain appellant's appeal.

{¶19} For the foregoing reasons, the appeal of the judgment of the Court of Common Pleas, Juvenile Division, Richland County, Ohio, is hereby dismissed.

By Gwin, J.,

Delaney, P.J., and

Hoffman, J., concur

_____
HON. W. SCOTT GWIN

_____
HON. PATRICIA A. DELANEY

_____
HON. WILLIAM B. HOFFMAN

WSG:clw 0924

[Cite as *In re O.B.*, 2012-Ohio-4780.]

IN THE COURT OF APPEALS FOR RICHLAND COUNTY, OHIO

FIFTH APPELLATE DISTRICT

|   |   |   |
|---|---|---|
| IN THE MATTER OF O.B. ALLEGED DEPENDENT/ABUSED CHILD | : : : : : : : : : : : : : : : | JUDGMENT ENTRY |
|   |   | CASE NO. 2012-CA-7 |

For the reasons stated in our accompanying Memorandum-Opinion, the appeal of the judgment of the Court of Common Pleas, Juvenile Division, Richland County, Ohio, is hereby dismissed. Costs to appellants.

_____
HON. W. SCOTT GWIN


_____
HON. PATRICIA A. DELANEY


_____
HON. WILLIAM B. HOFFMAN