OPINION
{¶ 1} Plaintiff-appellant Rick Heinz [appellant] appeals from the November 1, 2002, Judgment Entry of the Muskingum County Court of Common Pleas which dismissed appellant's action against defendant-appellee Chad Riffle.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On July 5, 2002, appellant commenced a civil complaint against defendants Lorrie (Cooper) Riffle and Chad Riffle. Appellant claimed that the defendants caused appellant personal loss and injury by theft and deception involving appellant's personal possessions. The action arose from a situation in which appellant and defendant Lorrie Riffle lived together in a home. Appellant was then sentenced to prison leaving defendant Lorrie Riffle in his home. Appellant alleged that Lorrie Riffle invited Chad Riffle into the home where they lived together. Appellant alleges that Lorrie Riffle, now the wife of Chad Riffle, took appellant's personal property and subsequently sold the items. Appellant alleges that the total dollar value of the items missing from his home is approximately $40,000.00 to $50,000.00.
 {¶ 3} The complaint was served upon Chad Riffle, now in prison himself, but service upon Lorrie Riffle failed. On August 2, 2002, defendant Chad Riffle filed an answer to appellant's complaint. Appellant filed a motion for summary judgment on August 29, 2002. Subsequently on September 19, 2002, defendant Chad Riffle filed an answer to appellant's motion to summary judgment which included a request that the action be dismissed. Ultimately, on November 1, 2002, the trial court denied appellant's motion for summary judgment and granted Chad Riffle's request for dismissal. The trial court held that "after considerable review, the Court cannot conclude that there is no genuine issue of fact but, on the contrary, determines that substantial issues of fact must be presented for a jury to review.
 {¶ 4} "Plaintiff's motion for summary judgment is denied. If, in fact, plaintiff's allegations are true, the matter is criminal and, therefore, should be brought to the attention of the prosecutor of Muskingum County, Ohio.
 {¶ 5} "Defendant's request for dismissal of this case is granted.
If there is a cause of action, it is criminal in nature and should be brought to the attention of the prosecutor of Muskingum County, Ohio." (Emphasis original)[1]
 {¶ 6} As to defendant Lorrie Riffle, a second attempt at service failed. However, on November 12, 2002, defendant Lorrie Riffle filed a letter which stated that she was being falsely accused of moving the said items from appellant's property. In that letter, Lorrie Riffle asked the trial court for a dismissal of the case.
 {¶ 7} On November 22, 2002, appellant filed a notice of appeal. Appellant sought an appeal of the November 2, 2002, Judgment Entry of the trial court.
 {¶ 8} On appeal, appellant raises the following assignment of error:
 {¶ 9} "The Trial Court Abuses Its Discretion When Dismissing Appellant's Civil Action Where The Value In Controversy (breach Of Trust) Exceeded Twenty Dollars By Asserting The Action Was Permissible Since The Actions Of Defendant Were Criminal In Nature, To The Prejudice Of The Appellant."
 {¶ 10} Before addressing the merits of appellant's arguments, we note that when jurisdiction appears unclear, a court of appeals should raise issues of jurisdiction sua sponte. In re Estate of Geanangel,147 Ohio App.3d 131, 134, 2002 Ohio 850, 768 N.E.2d 1235. Thus, before considering the merits, we shall consider whether this court has jurisdiction over appellant's appeal.
 {¶ 11} Ohio law provides that appellate courts have jurisdiction to review only the final orders or judgments of inferior courts in their district. See, generally, Section 3(B)(2), Article IV, Ohio Constitution; R.C. 2505.02. If an order is not final and appealable, then an appellate court has no jurisdiction to review the matter and it must be dismissed.
 {¶ 12} To be final and appealable, an order which adjudicates one or more but fewer than all the claims or the rights and liabilities of fewer than all the parties must meet the requirements of R.C. 2505.02 and Civ.R. 54(B). Civil Rule 54(B) states as follows:
 {¶ 13} "When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."
 {¶ 14} Thus, Civ. R. 54(B) makes mandatory the use of the language, `there is no just reason for delay.' Where multiple claims and/or multiple parties exist and not all have reached final judgment, without the Civ. R. 54(B) language, the order is subject to modification and is neither final nor appealable. Noble v. Colwell (1989),44 Ohio St.3d 92, 540 N.E.2d 1381.
 {¶ 15} The Judgment Entry appealed from does not determine the matter as to all parties. The matter is resolved in regard to Chad Riffle only. The claims against Lorrie Riffle remain pending. The Entry does not contain the required language of Civ.R. 54(B) that "there is no just cause for delay." Having failed to meet the requirements of Civ.R. 54(B), we find the Judgment appealed from is not a final appealable order. Accordingly, this court has no jurisdiction to hear appellant's appeal.
 {¶ 16} Thus, the appeal is dismissed for want of jurisdiction and remanded to the Muskingum County Court of Common Pleas for further proceedings consistent with law and this opinion.
[1] We note that the trial court seems to conclude that this matter is strictly a criminal matter and that there is no civil action possible. This raises a question as to whether appellant has stated a claim for conversion. However, pursuant to this Court's disposition, such an issue is premature.