OPINION *Page 2 
{¶ 1} Plaintiff-Appellant Sherri Carlton Rempel appeals the decision of the trial court granting summary judgment in favor of Defendant-Appellee Lawrence Maley.
 STATEMENT OF THE FACTS AND THE CASE {¶ 2} The facts relevant to this appeal are as follows:
 {¶ 3} On April 6, 2000, Plaintiff-Appellant Sherri Rempel filed a civil action for legal malpractice against Defendant Timothy Jarvis in the Court of Common Pleas of Fairfield County, Ohio, for legal malpractice. Defendant Jarvis duly filed an Answer to the Complaint.
 {¶ 4} On August 28, 2006, Plaintiff-Appellee amended her complaint, adding Defendant-Appellee Attorney Lawrence Maley and Defendant Diane Bilinovich as new party defendants.
 {¶ 5} Defendant-Appellee Maley filed a timely Answer to the Complaint.
 {¶ 6} As of the filing of the briefs in this matter, Defendant Bilinovich had not yet been served or otherwise entered an appearance in the case.
 {¶ 7} Plaintiff alleged in her amended complaint that she had an attorney-client relationship with Defendant Maley, that he was negligent in connection with representing her in regard to a bankruptcy case which had been filed on her behalf, and which, according to ¶ 27 of the amended complaint, ended up being dismissed. In ¶ 29 of the amended complaint, she further specifically alleged a negligent failure to file her bankruptcy case prior to a Sheriff's Sale of some real property, which, according to ¶ 15 of the amended complaint, was held on April 8, 2005. *Page 3 
 {¶ 8} On November 16, 2006, Defendant-Appellee Maley filed a Motion for Summary Judgment, claiming that the one-year statute of limitations had run, thus barring the action against him. Plaintiff-Appellant argued first that genuine issues of material fact existed as to when her cause of action accrued and also as to when the attorney-client relationship terminated. She further argued that the Civ. Proc. R. 15(C) savings clause applied and that the amended complaint was thus timely filed against Defendant Maley.
 {¶ 9} On February 27, 2007, the trial court entered its judgment granting Defendant-Appellee Maley's Motion for Summary Judgment finding that Plaintiff-Appellant's claim for legal malpractice accrued on April 8, 2005, and that because she did not name Appellee as a defendant in this action until August 28, 2006, she failed to comply with the one-year statute of limitations as contained in R.C. 2305.11(A).
 {¶ 10} Appellant now appeals, raising the following assignments of error for our consideration:
 ASSIGNMENTS OF ERROR {¶ 11} "I. THE TRIAL COURT ERRED IN GRANTING DEFENDANT LAWRENCE MALEY'S MOTION FOR SUMMARY JUDGMENT WHEN A MATERIAL ISSUE OF FACT EXISTS AS TO WHEN THE CAUSE OF ACTION IN LEGAL MALPRACTICE ACCRUED.
 {¶ 12} "II. THE TRIAL COURT ERRED IN GRANTING DEFENDANT-APPELLEE LAWRENCE MALEY'S MOTION FOR SUMMARY JUDGMENT WHERE, UNDER THE FACTUAL ALLEGATIONS PRESENTED IN HER COMPLAINT, CIV. PROC. R. 15(C) PERMITTED THE RELATION-BACK OF THE ORIGINAL COMPLAINT AND THAT, *Page 4 
THEREFORE, HER AMENDED COMPLAINT WAS TIMELY FILED AGAINST DEFENDANT MALEY."
 I. {¶ 13} Initially, this Court must determine whether the trial court's February 27, 2007, decision is a final appealable order ripe for review, which vests this Court with jurisdiction. State ex rel. White vs.Cuyahoga Metro. Hous. Aut., 79 Ohio St.3d 543, 544, 1997-Ohio-366,684 N.E.2d 72.
 {¶ 14} Appellate courts have jurisdiction to review the final orders or judgments of lower courts within their appellate districts. Section3(B)(2), Article IV, Ohio Constitution. If a lower court's order is not final, then an appellate court does not have jurisdiction to review the matter and the matter must be dismissed. General Acc. Ins. Co. vs.Insurance of North America (1989), 44 Ohio St.3d 17, 20, 540 N.E.2d 266;Harris v. Conrad (June 17, 2002), 12th Dist. No. CA-2001-12 108. For a judgment to be final and appealable, it must satisfy the requirements of R.C. § 2505.02 and if applicable, Civ.R. 54(B). Denham v. NewCarlisle (1999), 86 Ohio St.3d 594, 596, 716 N.E.2d 184; Ferraro v. B.F.Goodrich Co. (2002), 149 Ohio App.3d 301, 2002-Ohio-4398,777 N.E.2d 282.
 {¶ 15} Appellate courts have jurisdiction to review only final orders or judgments pursuant to Ohio Constitution Section 3, Article IV. If an order is not final and appealable, then an appellate court has no jurisdiction to review the matter and it must be dismissed, see, e.g.,Heinz v. Riffle, Muskingum Appellate No. CT-2002-0047, 2003-Ohio-6358 . *Page 5 
 {¶ 16} Revised Code § 2505.02(B)(1) defines a final order as "an order that affects a substantial right in an action that in effect determines the action and prevents a judgment." A final order determines the whole case, or a distinct branch thereof, and reserves nothing for future determination, so that it will not be necessary to bring the cause before the court for further proceedings. Catlin v. United States
(1945), 324 U.S. 229, 233, 65 S.Ct. 631, 89 L.Ed. 911.
 {¶ 17} Civil Rule 54(B) provides that if there are multiple claims or parties, a court may enter final judgment as to one or more but fewer than all the claims or parties only upon an express determination there is no just reason for delay. In the absence of such a determination, a decision which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not a final appealable order.
 {¶ 18} Civ.R. 54(B) makes use of the "no just reason for delay" language mandatory. Jarrett v. Dayton Ostéopathie Hosp., Inc. (1985),20 Ohio St.3d 77, 486 N.E.2d 99, syllabus. Unless those words appear, the order can not be either final or appealable even if the trial court declares it to be. Ft. Frye Teachers Assn. v. Ft. Frye Local SchoolDist. Bd. of Edn. (1993), 87 Ohio App.3d 840, 843, fn. 4, citingPickens v. Pickens (Aug. 27, 1992), Meigs App. No. 459.
 {¶ 19} The final sentence in the trial court's judgment entry states it is a final appealable order, but it does not state there is no just cause for delay. The record indicates the litigation amongst the remaining parties was still going on at the time of oral argument.
 {¶ 20} Upon review of the record in this matter, we find that the claims against defendants Timothy Jarvis and Diane Bilinovich are still pending in this cause of action. *Page 6 
 {¶ 21} As there are claims still pending against the remaining defendants in the case sub judice and because the trial court has not certified that "there is no just reason for delay" in accordance with Civ.R. 54(B), we conclude that the judgment entry appealed from is not a final appealable order.
 {¶ 22} Because no final appealable order exists in this case, we are without jurisdiction to decide this appeal.
 {¶ 23} Accordingly, the instant appeal is dismissed for want of jurisdiction.
 Wise, J. Gwin, J. and Hoffman, J. concur. *Page 7 
For the reasons stated in our accompanying Memorandum-Opinion, the instant appeal is dismissed for want of jurisdiction.
 Costs assessed to Appellant. *Page 1